# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISON

| | |
|---|---|
| **SELINA MARIE RAMIREZ,** §<br>**Individually and as Independent** §<br>**Administrator of, and on behalf of, the** §<br>**ESTATE OF GABRIEL EDUARDO** §<br>**OLIVAS and the heirs-at-law of** §<br>**GABRIEL EDUARDO OLIVAS, and as** §<br>**Parent, guardian, and next friend of and** §<br>**For female minor S.M.O.; and** §<br>**GABRIEL ANTHONY OLIVAS,** §<br>**individually,** §<br>§<br>**Plaintiffs,** §<br>§<br>**v.** §<br>§<br>**CITY OF ARLINGTON, TEXAS,** §<br>**JEREMIAS GUADARRAMA, and** §<br>**EBONY N. JEFFERSON,** §<br>§<br>**Defendants.** § | **CIVIL ACTION NO. 3:19-CV-01529-L** |

## DEFENDANT EBONY N. JEFFERSON'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Defendant Ebony Jefferson (hereinafter, "Sergeant Jefferson" or "Defendant") and, subject to his Motion to Dismiss pursuant to Fed. R. 12(b)(6) (Doc.21), files his Answer and Affirmative Defenses to First Amended Plaintiff's Original Complaint (Doc. 19) (hereinafter, the "Complaint").  The Defendant respectfully shows the following:

### I. DEFENDANT'S ANSWER

Plaintiffs include an introductory paragraph, which is unnumbered and on the first page of the Complaint along with a photograph.  Defendant denies the allegations set forth on the first page of the Complaint.  Additionally, Plaintiffs include a table of contents and headings, on pages 2 and 3 of the Complaint.  Defendant does not believe that the table of contents or

**DEFENDANT EBONY JEFFERSON'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 1**

headings contain any allegations that give rise to an obligation on the part of Defendant to admit or denies such allegations. To the extent that the table of contents or headings contain any such allegations, they are denied.

I.      Introductory Allegations

        A.   Parties

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant admits that the City has appeared in this action. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint and therefore denies the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits that the City has appeared in this action. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint and therefore denies the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits that he is a police officer employed by the City of Arlington. Defendant further admits that by virtue of his motion to dismiss, and subject to such motion, this answer, he has appeared in this action. Defendant further admits that, on or about July 10, 2017,

in connection with the incident which forms the basis of the Plaintiffs' complaints, Defendant was acting under the color of law in course and scope of his duties as an employee and law enforcement officer for the City of Arlington.  Defendant denies any and all remaining assertions contained in Paragraph 5 of the Complaint.

B.      Jurisdiction and Venue

6.      Defendant admits that this Court has subject matter jurisdiction over this lawsuit. Defendant denies any and all remaining assertions contained in Paragraph 6 of the Complaint.

7.      Defendant admits that this Court has personal jurisdiction over the Defendant. Defendant denies any and all remaining assertions contained in Paragraph 7 of the Complaint.

8.      Defendant admits that venue is proper in the Northern District of Texas. Defendant denies any and all remaining assertions contained in Paragraph 8 of the Complaint.

II.      Factual Allegations

        A.      Introduction

9.      Defendant does not believe that Paragraph 9 of the Complaint contains any allegations that give rise to an obligation on the part of Defendant to admit or deny such allegations.  To the extent that Paragraph 9 does contain any such allegations, they are denied.

B.      Gabriel Eduardo Olivas

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies the allegations contained in Paragraph 11 of the Complaint.

C.    Officer Guadarrama and Officer Jefferson Unreasonably Tase Mr. Olivas,
Causing Him to Catch Fire, Suffer Horrific Burns, Linger, and Die

12.    Defendant expressly denies the sentence contained in Paragraph 12 of the Complaint

which states that the Mr. Olivas "did not threaten to harm his wife, his son, or anyone else in his

home." Defendant further denies the sentence which states, "Instead, Defendant police officers

arrived at his home, Tased Mr. Olivas (knowing he was drenched with gasoline), and caused Mr.

Olivas to catch fire and die after lingering in excruciating pain for days." Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 12 of the Complaint and therefore denies the remaining allegations

contained in Paragraph 12 of the Complaint.

13.    Defendant admits that Mr. Olivas threatened to harm himself and others in the home.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations pertaining to the actions of Officer Pierce contained in Paragraph 13 of the Complaint

and therefore denies the allegations contained in Paragraph 13 of the Complaint as they pertain

to the actions of Officer Pierce.  Defendant denies any and all remaining allegations contained in

Paragraph 13 of the Complaint.

1.    Statements

14.    Defendant admits that he, and likely other officers, provided statements following the

incident at 1605 Carla Avenue.  Defendant denies any and all remaining allegations contained in

Paragraph 14 of the Complaint.

A.    Officer Scott (#2835)

15.    Defendant admits that, to the extent that Officer Scott provided a narrative or statement,

the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs

did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore

**DEFENDANT EBONY JEFFERSON'S ANSWER AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 4**

objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 15 of the Complaint.

16.     Defendant admits that, to the extent that Officer Scott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 16 of the Complaint.

17.     Defendant admits that, to the extent that Officer Scott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 17 of the Complaint.

18.     Defendant admits that, to the extent that Officer Scott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 18 of the Complaint.

B.     Corporal Ray (#2573)

19.     Defendant admits that, to the extent that Corporal Ray provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 19 of the Complaint.

C.      Officer Jeremias Guadarrama (2514)

20.      Defendant admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement. Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 20 of the Complaint.

21.      Defendant admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement. Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 21 of the Complaint.

22.       Defendant admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement. Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 22 of the Complaint.

23.      Defendant admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement. Defendant therefore objects to the argumentative characterizations and incomplete portrayal of

such narrative or statement and denies any and all remaining allegations in Paragraph 23 of the Complaint.

24.     Defendant admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement. Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 24 of the Complaint.

25.     Defendant admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement. Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 25 of the Complaint.

26.     Defendant admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement. Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However,

**DEFENDANT EBONY JEFFERSON'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 7**

Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement. Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 28 of the Complaint.

29.     Defendant lacks information or knowledge to form a belief as to the truth of the allegation "neither Mr. Olivas' wife or son were injured or burned as a result of the Tasing and resulting fire." Defendant denies any and all remaining allegations in Paragraph 29 of the Complaint.

### D.     Sergeant Ebony N. Jefferson (#2116)

30.     Defendant admits that he signed a statement on July 14, 2019.  Defendant further admits that the statement stated that he was working as an Operational Sergeant in the East District of the City of Arlington.  Defendant further admits that dispatch stated that there was a person who was suicidal and had poured gasoline on himself and in a room.  Defendant further admits that he was not far from the location, so he had dispatch show him enroute to the call.  Defendant denies any and all remaining allegations contained in Paragraph 30 of the Complaint.

31.     Defendant admits the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant admits that he saw Officers Elliott and Guadarrama run towards the front door at 1605 Carla Avenue.  Defendant further admits that he ran to and joined the other officers at the door.  Defendant denies any and all remaining allegations contained in Paragraph 32 of the Complaint.

33.     Defendant admits that he saw Officer Guadarrama with his duty weapon drawn and told Officer Elliott to draw "less lethal," or his taser.  Defendant admits that he drew his taser as a

second less lethal option.  Defendant denies any and all remaining allegations in Paragraph 33 of the Complaint.

34.     Defendant admits that he wrote in his statement that, "[a]s the sergeant I wanted to be able to immediately address whatever threat we were about to encounter."  Defendant admits that Officer Guadarrama entered the residence, followed by Officer Elliott, followed by the Defendant.  Defendant admits that, as they entered the residence, he continued to hear screaming, crying and yelling coming from a room located down a hallway on the east end of the house from the main door.  Defendant admits that when he entered the room, he saw several people in the southwest corner of the room and could smell gas.  Defendant admits that holstered his taser and attempted to remove several individuals from the room.  Defendant denies any and all remaining allegations in Paragraph 34 of the Complaint.

35.     Defendant admits that he signed a statement in which he wrote, "I un-holstered my taser, turned it on and pointed it at the suspect.  I then hear a taser discharge from my right where Officer Guadarrama was standing.  The suicidal suspect immediately catches on fire and I became startled by the flames and moved away from them.  I believe during that time that Officer Guadarrama had discharged his taser and me becoming startled and moving away from the flames that I unintentionally discharged my taser at the suicidal suspect."  Defendant denies any and all remaining allegations in Paragraph 35 of the Complaint.

            E.     Officer Caleb Elliott (#3007)

36.     Defendant admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore

objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 36 of the Complaint.

37.     Defendant admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 37 of the Complaint.

38.     Defendant admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 38 of the Complaint.

39.     Defendant admits that he arrived at the dispatched location and instructed Officer Elliott to draw less lethal or his taser.  Defendant further admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 39 of the Complaint.

40.     Defendant admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore

objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 40 of the Complaint.

41.     Defendant admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 41 of the Complaint.

42.     Defendant admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 42 of the Complaint.

43.     Defendant admits that he could smell the odor of gasoline.  Defendant further admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 43 of the Complaint.

44.     Defendant admits that he entered the room where he encountered the suicidal suspect after Officers Elliott and Guadarrama.  Defendant further admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and

incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 44 of the Complaint.

45.     Defendant admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 45 of the Complaint.

46.     Defendant admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 46 of the Complaint.

47.     Defendant admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 47 of the Complaint.

48.     Defendant admits that he had been employed by the City of Arlington as a police officer for over fourteen (14) years.  Defendant further admits that he believes that Officer Elliott had been with the department for approximately one (1) year and Officer Guadarrama had been with the department for over nine (9) years.  Defendant denies any and all remaining allegations in Paragraph 48 of the Complaint.

49.     Defendant admits that Officer Elliott attempted to use his OC spray on the suspect, but it was ineffective.  Defendant further admits that the suspect continued to pour gasoline from the container he was holding.  Defendant further admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 49 of the Complaint.

50.     Defendant admits that he considered several individuals, including Officer Elliott, to be in danger.  Defendant denies any and all remaining allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 53 of the Complaint.

54.     Defendant admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Defendant therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 54 of the Complaint.

2.      Mr. Olivas' Medical Condition at The Scene

55.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and therefore denies the allegations contained in Paragraph 55 of the Complaint.

56.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and therefore denies the allegations contained in Paragraph 56 of the Complaint.

57.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and therefore denies the allegations contained in Paragraph 57 of the Complaint.

3.      Autopsy

58.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and therefore denies the allegations contained in Paragraph 58 of the Complaint.

D.      Death Investigation

1.      Taser Analysis by Axon Enterprise, Inc. (F/K/A Taser International, Inc.)

59.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and therefore denies the allegations contained in Paragraph 59 of the Complaint.

60.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and therefore denies the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and therefore denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and therefore denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and therefore denies the allegations contained in Paragraph 63 of the Complaint.

2.     Scene Investigations

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and therefore denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and therefore denies the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and therefore denies the allegations contained in Paragraph 66 of the Complaint.

3.     Arlington Police Department Homicide Unit

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint and therefore denies the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant admits that he met with an attorney from CLEAT.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of the Complaint and therefore denies the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant admits that he met with an attorney from CLEAT by the name of Terry Daffron.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint and therefore denies the allegations contained in Paragraph 69 of the Complaint.  Additionally, and without regard to the allegations in the Complaint, Defendant cannot be made to disclose the contents of protected attorney client communications.

70.     Defendant admits that Detective Gildon came to meet with Defendant while he was receiving medical care.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the Complaint and therefore denies any and all remaining allegations contained in Paragraph 70 of the Complaint.

71.     Defendant admits that there was a strong odor of gasoline throughout the residence and further admits that he does not believe that Officer Elliott fired his taser.  Defendant denies any and all remaining allegations contained in Paragraph 71 of the Complaint.

72.     Defendant admits that he was not terminated or prosecuted for allegedly making false statements.  Defendant denies any and all remaining allegations contained in Paragraph 72 of the Complaint.

73.     Defendant admits that Mr. Olivas and other items in the room caught fire after Officer Guadarrama deployed his taser.  Defendant denies any and all remaining allegations contained in Paragraph 73 of the Complaint.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint and therefore denies the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint and therefore denies the allegations contained in Paragraph 75 of the Complaint.

76.     Defendant admits that he did not realize that his taser had been deployed and assumed that both cartridges were attached to his taser when he first spoke with Detective Gildon. Defendant further admits that he dropped his taser in the residence.  Defendant denies any and all remaining allegations contained in Paragraph 76 of the Complaint.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint and therefore denies the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant admits that he was interviewed on, or about July 12, 2017, by Detective Gildon at the Arlington Police Department.  Defendant further admits that Ms. Daffron was present.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78 of the Complaint and therefore denies any and all remaining allegations contained in Paragraph 78 of the Complaint.

79.     Defendant admits that prior to entering the residence, he instructed Officer Elliott to draw less lethal and further admits that, at some point inside the residence, he could smell an odor of what appeared to be gasoline.  Defendant is unaware of whether the interview was recorded, but admits that, to the extent that Detective Gildon's interview of Defendant was recorded, the recorded interview speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim,

the recorded interview.  Defendant therefore objects to the argumentative characterizations and incomplete account of such interview and denies any and all remaining allegations in Paragraph 79 of the Complaint.

80.     Defendant admits that during the confrontation he pulled out his taser and then re-holstered it so that he could attempt to remove the other occupants from the room where the suspect had staged himself.  Defendant further admits that he later pulled his taser back out of the holster, but does not recall and did not believe at the time that he had fired his taser at Mr. Olivas.  Defendant further admits that he was not terminated and was not prosecuted for allegedly making false statements.  Defendant is unaware of whether the interview was recorded, but further admits that, to the extent that Detective Gildon's interview of Defendant was recorded, the recorded interview speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the recorded interview.  Defendant therefore objects to the argumentative characterizations and incomplete account of such interview and denies any and all remaining allegations in Paragraph 80 of the Complaint.

81.     Defendant admits that, while he did not intentionally discharge his taser, Detective Gildon indicated that his investigation indicated that his taser discharged, which Defendant did not attempt to dispute.  Defendant is unaware of whether the interview was recorded, but admits that, to the extent that Detective Gildon's interview of Defendant was recorded, the recorded interview speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the recorded interview.  Defendant therefore objects to the argumentative characterizations and incomplete account of such interview and denies any and all remaining allegations in Paragraph 81 of the Complaint.

**DEFENDANT EBONY JEFFERSON'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED PLAINTIFF'S ORIGINAL COMPLAINT** – **PAGE 18**

82.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint and therefore denies the allegations contained in Paragraph 82 of the Complaint.

      E.     Defendant Officers' Experience and Training

           1.     2017 Taser Training

83.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint and therefore denies the allegations contained in Paragraph 83 of the Complaint.

84.     Defendant lacks knowledge or information sufficient to form a belief as to whether the slide referenced in Paragraph 84 is a true and accurate depiction of the slide utilized in the 2017 training seminar referenced in Paragraph 84 and therefore denies that allegation.  Defendant denies any and all remaining allegations contained in Paragraph 82 of the Complaint.

85.     Defendant denies the sentence in Paragraph 85 of the Complaint which states: "This policy was a moving force behind, caused, and was a proximate cause of Mr. Olivas' injuries, damages, and death."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the Complaint and therefore denies any and all remaining allegations contained in Paragraph 85 of the Complaint.

           2.     Texas Commission of Law Enforcement Records

86.     Defendant admits that TCOLE keeps training records.  Defendant denies any and all remaining allegations contained in Paragraph 86 of the Complaint.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint and therefore denies the allegations contained in Paragraph 87 of the Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint and therefore denies the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant admits that he became a licensed peace officer with the Arlington Police department in March of 2003.  Defendant denies any and all remaining allegations contained in Paragraph 91 of the Complaint.

92.     Defendant denies the allegations in Paragraph 92 of the Complaint.

> F.     Defendant Police Officers Acted in an Unreasonable, Unconstitutional Manner

93.     Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.     Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint.

> G.     City of Arlington's *Monell* Liability

96.     Defendant denies the allegations contained in Paragraph 96 of the Complaint.

> > 1.     City of Arlington's Policy Regarding Escalation In Force Was A Moving Force Behind And Proximately Caused Mr. Olivas' Death

97.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint and therefore denies the allegations contained in Paragraph 97 of the Complaint.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint and therefore denies the allegations contained in Paragraph 98 of the Complaint.

99.     Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.     Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 101 of the Complaint and therefore denies the allegations

contained in Paragraph 101 of the Complaint.

> 2.     City of Arlington's Policy, Practice, and/or Custom Of Allowing Officers
>         To Use A Taser Against A Person Doused With Gasoline Was A Moving
>         Force Behind And Proximately Caused Mr. Olivas' Death

102.     Defendant denies the allegations contained in Paragraph 102 of the Complaint.

> 3.     City of Arlington's Policy, Practice, and/or Custom Of Continuing To
>         Employ Officer Guadarrama After Numerous Reprimands Was A Moving
>         Force Behind And Proximately Caused Mr. Olivas' Death

103.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 103 of the Complaint and therefore denies the allegations

contained in Paragraph 103 of the Complaint.

> 4.     City of Arlington's Failure To Discipline Sergeant Jefferson and/or
>         Officer Guadarrama Is Evidence Of Arlington's Pre-Existing
>         Unconstitutional Policy, Practice, and/or Custom

104.     Defendant admits that his employment was not terminated, and he was not disciplined as

a result of the incident.  Defendant denies any and all remaining allegations contained in

Paragraph 104 of the Complaint.

III. Causes of Action

> A.     Causes Of Action Against Defendants Sergeant Jefferson And Officer
>         Guadarrama And Under 42 U.S.C. § 1983 For Violation Of 4th Amendment
>         Rights

105.     Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.     Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.     Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of the Complaint.

        B.    <u>Causes Of Action Against City Of Arlinton Under 42 U.S.C. § 1983 For Violation Of 4th Amenedment Rights</u>

109.    Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110.    Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111.    Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112.    Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113.    Defendant denies the allegations contained in Paragraph 113 of the Complaint.

IV.    <u>Concluding Allegations</u>

        A.    <u>Conditions Precedent</u>

114.    Defendant denies the allegations contained in Paragraph 114 of the Complaint.

        B.    <u>Use of Documents</u>

115.    Defendant does not believe that Paragraph 115 of the Complaint contains any allegations that give rise to an obligation on the part of Defendant to admit or denies such allegations.  To the extent that Paragraph 115 does contain any such allegations, they are denied.

        C.    <u>Jury Demand</u>

116.    Defendant does not believe that Paragraph 116 of the Complaint contains any allegations that give rise to an obligation on the part of Defendant to admit or denies such allegations.  To the extent that Paragraph 116 does contain any such allegations, they are denied.

        D.    <u>Prayer</u>

117.    Defendant denies the allegations contained in Paragraph 117 of the Complaint and denies that Plaintiffs are entitled to any of the relief which they seek by virtue of this lawsuit.

## II. DEFENDANT'S AFFIRMATIVE DEFENSES

1.     Defendant did not violate any clearly established statutory or constitutional rights afforded to the Plaintiffs of which a reasonable person would have known. Defendant did not exercise excessive force and Defendant's actions were not objectively unreasonable.  Mr. Olivas was tased twice.  From the time that the officers entered the room and leading up to the moment when Officer Guadarrama tased Mr. Olivas, he presented an immediate and lethal threat to himself, his family members, and the officers present at the residence.  Mr. Olivas had dispersed gasoline throughout the residence, and on his person, and was holding an ignition device, indicating that he intended to use the device to ignite the gasoline.  The officers, as well as family members, were in close proximity, and clearly at risk.  The situation was unstable, tense, uncertain and rapidly evolving.  At the moment Defendant's taser discharged, Mr. Olivas was already engulfed in flames.  He was within a few feet of Defendant, coming towards Defendant, soaked in gasoline and engulfed in flames.  Defendant's conduct was therefore objectively reasonable, given the exigent circumstances that were present at the moment Defendant's taser discharged.  To the extent that Defendant discharged his taser, Defendant's reflexive actions were a direct response to the threat of immediate and lethal harm that Mr. Olivas posed to Defendant and others.  To the extent that Defendant's taser discharged due to the extreme heat present in the room or some other external force, Defendant also failed to engage in any intentional conduct which would give rise to liability.  Additionally, Mr. Olivas' injuries were not caused directly and only from Defendant's taser discharge as the gasoline fumes surrounding Mr. Olivas had already been ignited at the time Defendant's taser discharged.

2.     Defendant, at all relevant times, was performing discretionary functions which involved personal deliberation, decision and judgment. Furthermore, Defendant, at all relevant times, was

acting within the scope of his authority and discharging the duties generally assigned to him.  At all relevant times, the Defendant was acting in good faith, such that a reasonably prudent officer could have believed that his actions were justified under the circumstances.  Defendant did not act maliciously with the intent to harm Plaintiff Olivas or violate his Constitutional rights.

3.      Defendant incorporates paragraphs 1 and 2 herein and further affirmatively asserts that Plaintiffs' claims against the Defendant are barred by qualified immunity.

4.      Defendant incorporates paragraphs 1 and 2 herein and further affirmatively asserts that Plaintiffs' claims against the Defendant are barred by official and/or governmental immunity.

5.      Defendant affirmatively asserts that Plaintiffs' damages, if any, were proximately caused, solely or partially, by the acts or omissions of third parties over whom Defendant had no actual control.

6.      Defendant affirmatively asserts that Plaintiffs' damages, if any, were proximately caused, solely or partially, by Plaintiffs' own actions.

7.      To the extent that Plaintiffs have asserted state law claims, such claims are barred by statutory immunity and the elections of remedies provisions set forth in Chapter 101 of the Texas Civil Practice and Remedies Code.

8.      Defendant affirmatively asserts that the Defendant's actions or inactions, if any, were a justified and lawful exercise of the powers granted to him by the State of Texas.

9.      Defendant affirmatively asserts that Plaintiffs have failed to mitigate their damages.

10.     Plaintiff's claims for punitive damages are barred and/or limited by the constraints set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution.

11.     Plaintiff has failed to state a claim upon which relief may be granted.

**DEFENDANT EBONY JEFFERSON'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED PLAINTIFF'S ORIGINAL COMPLAINT** – **PAGE 24**

12.     Plaintiffs' claims are barred by a legal intervening cause.

13.     Plaintiffs' claims are barred by reason of Plaintiff Olivas' commission or attempted commission of suicide and the defenses set forth in Chapter 93 of the Texas Civil Practice and Remedies Code.

14.     Defendant affirmatively pleads that to the extent that Plaintiffs have asserted claims for monetary recovery under the Texas Constitution, then Plaintiffs' claims are barred because there is no right of action for recovery of monetary damages under the Texas Constitution.

### III. CONCLUSION

FOR THESE REASONS, Defendant requests the Court order that Plaintiffs take nothing by reason of this action, award Defendant his costs, as well as any further relief to which Defendant may be justly entitled.

Respectfully Submitted,

By:     /s/ Scott D. Levine_____
        Scott D. Levine
        State Bar No. 00784467
        sdl@banowsky.com
        Baxter W. Banowsky
        State Bar No. 00783593
        bwb@banowsky.com

        **BANOWSKY & LEVINE, P.C.**
        12801 N. Central Expressway
        Suite 1700
        Dallas, Texas 75243
        Telephone: (214) 871-1300
        Facsimile: (214) 871-0038

        **ATTORNEYS FOR DEFENDANT
        EBONY JEFFERSON**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via the Court's ECF system contemporaneously with its filing.

/s/ Scott D. Levine
Scott D. Levine