UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SELINA MARIE RAMIREZ, individually and as Independent Administrator of, and on behalf of, the ESTATE OF GABRIEL EDUARDO OLIVAS and the heirs-at-law of GABRIEL EDUARDO OLIVAS, and as parent, guardian, and next friend of and for female minor S.M.O.; and GABRIEL ANTHONY OLIVAS, individually, | § § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:19-CV-1529-L |
| v. | § § | |
| CITY OF ARLINGTON, TEXAS; JEREMIAS GUADARRAMA; and EBONY N. JEFFERSON, | § § § § | |
| Defendants. | § § | |

**DEFENDANT GUADARRAMA'S RENEWED MOTION TO DISMISS, AND BRIEF**

Edwin P. Voss, Jr.
State Bar No. 20620300
evoss@bhlaw.net

Michael L. Martin
State Bar No. 24108956
mmartin@bhlaw.net

BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas  75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

ATTORNEYS FOR DEFENDANT
JEREMIAS GUADARRAMA

August 21, 2019

# <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ............................................................................................... i

INDEX OF AUTHORITIES ........................................................................................ ii

I.      GROUNDS FOR MOTION ................................................................................1

II.     ARGUMENT AND AUTHORITIES ................................................................2

     A.     Rule 12(b)(6) Motion:  The Appropriate Legal Standard .......................2

     B.     Legal Standard for Excessive Force Pleadings ......................................3

     C.     Legal Standards for Qualified Immunity ...............................................5

     D.     Plaintiffs' Allegations as to Guadarrama ...............................................6

     E.     Plaintiffs' Excessive Force Claim Against Guadarrama Does Not Overcome His Entitlement to Qualified Immunity ..........................................................8

          1.     Plaintiffs Expressly Allege that Mr. Olivas' Death Did Not Result "Directly and Only" from Guadarrama's Conduct ....................................8

          2.     Plaintiffs Fail to Allege Objectively Unreasonable Conduct on the Part of Guadarrama ....................................................9

          3.     Guadarrama's Conduct was not "Clearly Established" as Unlawful .........10

     F.     To the Extent that Plaintiffs Have Asserted State Law Claims, Such Claims Must be Dismissed For Failure to State a Claim ............................................13

          1.     Plaintiffs' Wrongful Death and Survival Claims .......................................13

          2.     No Claim Under the Texas Constitution ....................................................14

III.    REQUEST FOR RELIEF ................................................................................15

CERTIFICATE OF SERVICE .....................................................................................16

## INDEX OF AUTHORITIES

**Cases**

*Al-Saraji v. City of Dallas*, No. 3:10-CV-1918-O 2011 WL 13232595 (N.D. Tex. Aug. 9, 2011) 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................... 2, 3, 12

*Batiste v. Theriot*, 458 Fed. Appx. 351 (5th Cir. 2012) ................................. 8, 9, 12, 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................... 2, 6, 7, 12

*Brosseau v. Haugen*, 543 U.S. 194 (2004) ....................................................................... 5

*Carroll v. Ellington,* 800 F.3d 154 (5th Cir. 2015) ......................................................... 4

*Cass v. City of Abilene*, 814 F.3d 721 (5th Cir. 2016) .................................................... 4

*Chacko v. Texas A&M Univ.*, 960 F.Supp. 1180 (S.D. Tex. 1997) ................................. 3

*City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1996) ....................................... 15

*Club Retro, L.L.C. v. Hilton*, 568 F.3d 181 (5th Cir. 2009) ........................................... 5

*Collie v. Barron,* 747 Fed. Appx. 950 (5th Cir. 2018) .................................................. 11

*Daniels v. Williams*, 474 U.S. 327 (1986) ...................................................................... 4

*Davidson v. Cannon*, 474 U.S. 344 (1986) ..................................................................... 4

*Drain v. Galveston Cnty.*, 979 F.Supp. 1101 (S.D. Tex. 1997) ................................... 13

*Dyer v. City of Mesquite*, No. 3:15-CV-2638-B 2016 WL 2346740 (N.D. Tex. May 3, 2016) ..... 4

*Elizondo v. Green*, 671 F.3d 506 (5th Cir. 2012) ........................................................ 11

*Farmer v. Brennan*, 511 U.S. 825 (1994) ...................................................................... 4

*Gomez v. City of Pharr*, No. 7:18-CV-342, 2019 WL 448898 (S.D. Tex. Feb. 5, 2019) ............. 11

*Harris v. Serpas*, 745 F.3d 767 (5th Cir. 2014) .......................................................... 11

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007) .......................... 2, 6

*Kaufman County v. Combs*, 393 S.W.3d 336 (Tex.App.-Dallas 2012, pet. denied) ..................... 15

*Kisela v. Hughes*, ___ U.S. ___, 138 S.Ct. 1148 (2018) ................................................. 5

*Manis v. Lawson*, 585 F.3d 839 (5th Cir. 2009) ........................................................... 11

*Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004) ................ 2

*Morrow v. Meachum*, 917 F.3d 870 (5th Cir. 2019) ...................................................... 4, 5, 10, 12

*Mullenix v. Luna*, ___ U.S. ___, 136 S.Ct. 305 (2015) ............................................... 4, 12

*Ontiveros v. City of Rosenberg*, 564 F.3d 379 (5th Cir. 2009) ..................................... 11

*Pearson v. Callahan*, 555 U.S. 223 (2009) ................................................................. 5, 6

*Perez v. Texas A&M Univ. at Corpus Christi*, No. 2-13-CV-225, 2013 WL 6230353 (S.D. Tex. Dec. 2, 2013) ................................................................................................ 15

*Poole v. City of Shreveport*, 691 F.3d 624 (5th Cir. 2012) .......................................... 13

*Pratt v. Harris County*, No. H-12-1770, 2015 WL 224945 (S.D. Tex. Jan. 15, 2105) ............... 13

*Rakestrau v. Neustrom*, No. 11-CV-1762, 2013 WL 1452030 (W.D. La. Apr. 8, 2013) ............. 13

*Rice v. Reliastar Life Ins. Co.*, 770 F.3d 1122 (5th Cir. 2014) ..................................... 11

*Rockwell v. Brown*, 664 F.3d 985 (5th Cir. 2011) ...................................................... 5, 9, 10, 11

*Salazar-Limar v. City of Houston*, 826 F.3d 272 (5th Cir. 2016) .................................. 11

*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) ......................................................... 3

*Spivey v. Robertson*, 197 F.3d 772 (5th Cir. 1999) ..................................................... 2

*Taylor v. Gregg*, 36 F.3d 453 (5th Cir. 1994)), *aff'd*, 822 F.3d 174 (5th Cir. 2016) .............. 13, 14

*Tennessee v. Garner*, 471 U.S. 1 (1985) ....................................................................... 12

*Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447 (5th Cir. 2001) .................................... 6

*Young v. Killeen*, 775 F.3d 1349 (5th Cir. 1985) ......................................................... 11

**Statutes**

42 U.S.C. §1983 ................................................................................................. 1, 3, 6, 13, 14

Fed.R.Civ.P. 12 ................................................................................................ 1, 2, 7

Tex.Civ.Prac. & Rem. Code Ann. § 101.106 .......................................................... 14

U.S. Const. amend. IV ....................................................................................... 1, 3, 4, 6, 12

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SELINA MARIE RAMIREZ, individually and as Independent Administrator of, and on behalf of, the ESTATE OF GABRIEL EDUARDO OLIVAS and the heirs-at-law of GABRIEL EDUARDO OLIVAS, and as parent, guardian, and next friend of and for female minor S.M.O.; and GABRIEL ANTHONY OLIVAS, individually, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | CIVIL ACTION NO. 3:19-CV-1529-L |
| v. | §<br>§ | |
| CITY OF ARLINGTON, TEXAS; JEREMIAS GUADARRAMA; and EBONY N. JEFFERSON, | §<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

**DEFENDANT GUADARRAMA'S RENEWED MOTION TO DISMISS, AND BRIEF**

Defendant Jeremias Guadarrama ("Defendant" or "Guadarrama"), pursuant to Federal Rule of Civil Procedure 12(b)(6), and in accordance with Rule 15(a)(3) of the Federal Rules of Civil Procedure, files this, his renewed motion to dismiss for Plaintiffs' failure to state a claim, in response to the First Amended Plaintiffs' Original Complaint, filed on August 7, 2019 (ECF Doc. No. 19) ("Plaintiffs' Amended Complaint"). In support hereof, Defendant respectfully shows the court the following:

## I. GROUNDS FOR MOTION

Plaintiffs have brought a single federal claim against Defendant for the alleged use of excessive force, pursuant to 42 U.S.C. §1983 and under the Fourth Amendment to the United States Constitution. Defendant asserts the defense of qualified immunity. Plaintiffs' pleadings fail to state a claim which would overcome Defendant's qualified immunity defense. In fact, the

Plaintiffs' pleadings affirmatively negate an excessive force claim. Plaintiffs have also brought state law claims against Defendant. Plaintiffs' state law claims fail to state a claim upon which relief can be granted. After Defendant Guadarrama's Motion to Dismiss, and Brief, was filed on July 26, 2019 (ECF Doc. No. 16) ("Defendant's First Dismissal Motion"), Plaintiffs filed Plaintiffs' Amended Complaint, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, instead of responding substantively to Defendant's First Dismissal Motion. Plaintiffs' Amended Complaint does not alter the grounds upon which Defendant's dismissal motion is based, and Defendant hereby re-urges those grounds in this renewed dismissal motion. Accordingly, Plaintiffs' claims against Guadarrama should be dismissed.

## II. <u>ARGUMENT AND AUTHORITIES</u>

### A.    <u>Rule 12(b)(6) Motion: The Appropriate Legal Standard</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court should "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

As will be shown herein, Plaintiffs' Amended Complaint against Defendant should be dismissed because of Plaintiffs' failure to plead a plausible excessive force claim against Defendant, and because of Plaintiffs' failure to plead plausible state claims against Defendant.

### B.  Legal Standard for Excessive Force Pleadings

Plaintiffs' Amended Complaint asserts a claim against Defendant for excessive force in violation of the Fourth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983. Plaintiffs' Amended Complaint, ECF Doc. No. 19, pp. 44-47. "[S]uits filed under 42 U.S.C.§1983 against public officials in their private capacity … must be stated with particularity." *Al-Saraji v. City of Dallas*, No. 3:10-CV-1918-O, 2011 WL 13232595, at *2 (N.D. Tex. Aug. 9, 2011) (quoting *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995)). A plaintiff must plead specific facts demonstrating a constitutional violation and cannot plead mere conclusions or rest on general characterizations. *Id. See also Chacko v. Texas A&M Univ.*, 960 F.Supp. 1180, 1192 (S.D. Tex. 1997) (citing *Schultea*, 47 F.3d at 1433) (plaintiff must support her § 1983 claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations).

A plaintiff must also allege and establish that the alleged constitutional deprivation was intentional or due to deliberate indifference—not the result of mere negligence. *See Farmer v.*

*Brennan*, 511 U.S. 825, 833-35 (1994); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 330 (1986).  To prevail on a Fourth Amendment excessive force claim, the plaintiff must set forth well-pleaded facts demonstrating that the plaintiff: (1) suffered an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need, and (3) the force used was objectively unreasonable.  *Dyer v. City of Mesquite*, No. 3:15-CV-2638-B, 2016 WL 2346740, at *3 (N.D. Tex. May 3, 2016) (citing *Cass v. City of Abilene*, 814 F.3d 721, 731 (5th Cir. 2016)).

In analyzing such a claim, careful attention must be given to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether the suspect is actively attempting to evade arrest by flight.  *Carroll v. Ellington,* 800 F.3d 154, 173 (5th Cir. 2015). The reasonableness of a particular use of force must be judged *from the perspective of a reasonable officer on the scene*, rather than with the 20/20 vision of hindsight.  *Id.* (emphasis added).  The reasonableness analysis must also allow for the fact that police officers are often forced to make *split-second judgments* – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.  *Id.* at 174 (emphasis added).

Even assuming that a particular use of force is clearly excessive and violated the protections of the constitution, a plaintiff must also establish that at the time of the events in question, it had been clearly established, that is, it was beyond debate, that the particular conduct was unlawful.  *See Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019).  "The dispositive question is whether the violative nature of *particular* conduct is clearly established."  *Mullenix v. Luna*, ___ U.S. ___, 136 S.Ct. 305, 308 (2015) (per curiam) (emphasis in original).  Qualified immunity is inappropriate only where the officer had "fair notice"—"in light of the specific context

of the case, not as a broad general proposition"—that his *particular* conduct was unlawful. *Morrow*, 917 F.3d at 875 (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam) (emphasis in original).

Excessive force cases are "an area of the law 'in which the result depends very much on the facts of each case,' and thus police officers are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue." *Morrow*, 917 F.3d at 876 (quoting *Kisela v. Hughes*, ___ U.S. ___, 138 S.Ct. 1148, 1153 (2018) (per curiam)). "That means the law must be so clearly established that—in the blink of an eye, in the middle of a high-speed chase—every reasonable officer would know it immediately." *Morrow*, 917 F.3d at 876. Plaintiffs did not meet these standards in their pleadings to overcome Defendant's entitlement to qualified immunity, and cannot do so, because there is no existing precedent that squarely governed Guadarrama's actions under the circumstances he faced when he encountered Mr. Olivas on July 10, 2017.

### C.     Legal Standards for Qualified Immunity

Defendant asserts entitlement in this case to qualified immunity from Plaintiffs' federal claim. Qualified immunity protects governmental officials from liability so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rockwell v. Brown*, 664 F.3d 985, 990 (5th Cir. 2011) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

To evaluate whether a government official is entitled to qualified immunity, the court is to conduct a two-prong inquiry: (1) whether the undisputed facts and the disputed facts, accepting the plaintiffs' version of the disputed facts as true, constitute a violation of a constitutional right,

and (2) whether the defendant's conduct was "objectively reasonable in light of clearly established law." *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001). Clearly established law is based on the state of the law in effect at the time of the alleged violation. *Id.* A government official's acts are not objectively unreasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the plaintiff's rights. *Id.* The court has discretion to address either qualified immunity prong first without necessarily addressing the other. *Pearson*, 555 U.S. at 236.

With these principles in mind, and as set forth in Section E, below, Defendant is entitled to dismissal from Plaintiffs' federal claim based upon Defendant's entitlement to qualified immunity.

### D.   Plaintiffs' Allegations as to Guadarrama

Plaintiffs allege that Mr. Olivas had doused himself with gasoline, and poured gasoline throughout the residence, and was threatening to kill himself by igniting himself with a lighter. Plaintiff's Amended Complaint, p. 7, ¶ 12.[1] While Plaintiffs' Amended Complaint extends over fifty (50) pages and includes over one hundred (100) separately numbered paragraphs, much of which constitutes argument rather than factual allegations, there appears to be a single federal claim brought against Defendant: excessive force pursuant to 42 U.S.C. §1983 and the Fourth Amendment. Plaintiffs' Amended Complaint, pp. 44-45. The pertinent allegations, as they pertain to Guadarrama, are set forth in paragraphs 20 through 29 of the complaint. *See* Plaintiffs' Amended Complaint, pp. 10-14. It is noteworthy that these paragraphs are asserted primarily as a

---

[1] When comparing paragraph 12 in Plaintiffs' Original Complaint to the same paragraph in Plaintiffs' Amended Complaint, for example, the amended complaint adds the third and fifth sentences. *Compare* Plaintiffs' Original Complaint, p. 8, ¶ 12, *with* Plaintiffs' Amended Complaint, p. 7, ¶ 12. The addition of those sentences create an internal pleading inconsistency, with the allegation being that Mr. Olivas verbally told his family that he would kill himself by dousing himself with gasoline and lighting himself on fire, on the one hand, and then asserting in a conclusory and speculative fashion that Mr. Olivas "did not intend to commit suicide, and he would not have committed suicide," on the other hand. Such allegations are not "well-pleaded facts" (*In re Katrina Canal Breaches*, 495 F.3d at 205), and do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570.

recitation of a "typed statement" provided by Guadarrama after the incident involving Mr. Olivas. Plaintiffs' Amended Complaint, p. 10-11, ¶ 20.  Interspersed throughout paragraphs 20 through 29 are Plaintiffs' additional speculative allegations, and criticisms of Defendant's statements and actions, in a manner that is clearly 20/20 hindsight asserting what Guadarrama should, or should not, have done during his encounter with Mr. Olivas.  *See* Plaintiffs' Amended Complaint, pp. 10-14.  Such speculations are not entitled to the usual pleading deference by the court in the context of determining a dismissal motion under Rule 12(b)(6).  *Twombly,* 550 U.S. at 570.

Plaintiffs' Amended Complaint provides a picture that the situation in the bedroom with Mr. Olivas was tense, rapidly evolving, and forcing Defendant to make split-second decisions, notwithstanding the added statements in the amended pleading.  While it appears that Plaintiffs allege that Guadarrama's discharging his Taser at Mr. Olivas in order to subdue him, after Mr. Olivas undisputedly had doused himself with gasoline, was holding a lighter, and was threatening to kill himself by lighting himself on fire, was improper, Plaintiffs' allegations also include an account of the autopsy report that recites that "Dr. Burt did not reach any opinion as to what caused the fire which caused Mr. Olivas' death."  Plaintiff's Amended Complaint, p. 24, ¶ 56.  Further, Plaintiffs provide a copy of a purported page from a "2017 training seminar" that recites that a Taser "can," as opposed to "will" or "always," ignite explosive or flammable substances. Plaintiffs' Amended Complaint, p. 32, ¶ 84.  Plaintiffs further allege that the City of Arlington's training of Defendant "did not prohibit use of a taser in such a situation."  Plaintiffs' Amended Complaint, p. 32, ¶ 85.  Plaintiffs allegations, however, do not establish that Defendant's actions constituted a violation of a constitutional right, or that Defendant's conduct was objectively unreasonable and violated clearly established law.  In light of Plaintiffs' allegations against

Defendant, for the purposes of this motion, Plaintiffs' excessive force claim against Guadarrama must be dismissed for the following compelling reasons.

### E.   Plaintiffs' Excessive Force Claim Against Guadarrama Does Not Overcome His Entitlement to Qualified Immunity.

#### 1.   <u>Plaintiffs Expressly Allege that Mr. Olivas' Death Did Not Result "Directly and Only" from Guadarrama's Conduct</u>.

Plaintiffs alleged that Officer Guadarrama tased Mr. Olivas, thereby igniting Mr. Olivas on fire. Plaintiffs' Amended Complaint, p. 13, ¶ 26. Plaintiffs assert that Mr. Olivas had doused himself with gasoline, and had poured gasoline in other places in the residence, and was holding a lighter and threatening to ignite a fire in order to commit suicide and to harm the officers. Plaintiffs' Amended Complaint, p. 7, ¶¶ 12-13, and pp. 11-12, ¶¶ 22-23. Although Plaintiffs now appear to raise questions about whether Mr. Olivas had doused himself with, and poured in other places, gasoline, without which the flammable situation would not have existed, Mr. Olivas' alleged actions nonetheless created the dangerous conditions facing Defendant, so that Guadarrama's actions in response to those conditions were not the proximate, or "direct and only cause," of Mr. Olivas' injuries. *See, e.g., Batiste v. Theriot*, 458 Fed. Appx. 351, 355 (5th Cir. 2012) ("The injury did not result from the tasing regardless of its reasonableness. This eliminates tasing as a basis for an excessive force claim").[2] Mr. Olivas set the stage for, and was partly the cause of, his injuries. Plaintiffs' Amended Complaint, p. 7, ¶¶ 12-13. As a result, Plaintiffs have affirmatively negated a necessary element of their excessive force claim against Defendant, and the claim should be dismissed.

---

[2] Indeed, Plaintiffs' Amended Complaint now asserts that both tasings, and one by Defendant, and one by Sergeant Jefferson, caused Mr. Olivas harm, notwithstanding the allegations that the officers fired their tasers at different times. *Compare* Plaintiffs' Amended Complaint ¶ 26, *with* ¶¶ 35 and 54.

2.      <u>Plaintiffs Fail to Allege Objectively Unreasonable Conduct on the Part of Guadarrama</u>.

At the point Defendant discharged his taser, a reasonable officer would have been justified in deploying his or her taser, or even a firearm, in order to confront and respond to the dangerous conditions and circumstances facing Defendant and the other officers. *Batiste*, 458 Fed.Appx. at 354-55.   According to the Plaintiffs' allegations, and notwithstanding the amendments now appearing in Plaintiffs' Amended Complaint, Plaintiffs' assert the officers' version of events from their statements that show that Defendant was faced with serious threats of harm by Mr. Olivas. Plaintiffs' Amended Complaint, pp. 10-14.  Plaintiffs further allege that, at the point in time that Mr. Olivas became engulfed in flames, each of the officers in the room were already within a "danger zone" and in close proximity to Mr. Olivas.  Plaintiffs' Amended Complaint, pp. 21-22, ¶¶ 50-52.  Plaintiffs further allege that gasoline had been spread throughout the bedroom, and in the house, and that Mr. Olivas' family members were in the vicinity along with the three officers. Plaintiffs' Amended Complaint, pp. 10-23.

Plaintiffs' entire theory of liability rests on the precept that Defendant should not have discharged his taser to prevent Mr. Olivas from lighting himself and the house on fire because of the risk that the gasoline covering Mr. Olivas might ignite.   While Defendant disputes that premise, according to Plaintiffs' own pleadings, Mr. Olivas was intent on committing suicide. Plaintiffs' Amended Complaint, p.7, ¶¶ 12-13.   Whether Defendant's taser discharge was objectively unreasonable must be viewed from Defendant's perspective and through the facts and circumstances present ***at the moment*** Defendant is alleged to have deployed his taser.  *See Rockwell*, 664 F.3d at 991.

As alleged, Mr. Olivas presented an immediate threat to the safety of everyone in the residence, including Defendant, who is alleged to have been in close proximity to Mr. Olivas.

Defendant's taser discharge must be judged *from the perspective of a reasonable officer on the scene*, rather than with 20/20 hindsight. *Rockwell*, 664 F.3d at 991. This analysis must also allow for the fact that police officers are often forced to make *split-second judgments* – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation. *Id.* Assuming for the moment Plaintiffs' allegations that the taser discharge was an intentional, non-lethal attempt to muscularly immobilize a suicidal man threatening to ignite a fire and commit suicide, with several people standing nearby, such a use of force could not be considered objectively unreasonable under the circumstances. *See Rockwell*, 664 F.3d at 992 ("But neither the Supreme Court nor this Court has ever held that *all* of the *Graham* factors must be present for an officer's actions to be reasonable; indeed, in the typical case, it is sufficient that the officer reasonably believed that the suspect posed a threat to the safety of the officer or others.") (emphasis in original). Plaintiffs have therefore failed to overcome Defendant's entitlement to qualified immunity.

3.   <u>Guadarrama's Conduct was not "Clearly Established" as Unlawful</u>.

Even assuming a particular use of force is excessive and violates the protections of the Fourth Amendment, a plaintiff must also plead sufficient facts to establish that, at the time of the events in question, it had been clearly established, that is, beyond debate, that the particular conduct was unlawful. *See Morrow*, 917 F.3d at 874. According to the Plaintiffs' allegations, Mr. Olivas was suicidal and endangering officers and family members. The following cases uphold qualified immunity in instances when deadly force was used in the context of a suicidal suspect and/or in instances where the suspect presented a serious and immediate threat to officers or other innocent bystanders:

1.  *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011). (officers shot paranoid schizophrenic suspect who emerged from a barricaded room with fishing filet knives – no constitutional violation).

2.  *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012) (officer shot seventeen year old threatening suicide with a knife when he approached officer – no constitutional violation)

3.  *Harris v. Serpas*, 745 F.3d 767, 770, 772-3 (5th Cir. 2014) (ex-wife called 911 fearing that ex-husband had overdosed on sleeping pills in an effort to commit suicide.  Suspect raised a folding pocket knife and was shot by officers – no constitutional violation).

4.  *Rice v. Reliastar Life Ins. Co.*, 770 F.3d 1122, 1134 (5th Cir. 2014) (officer shot suicidal suspect armed with a gun when the suspect refused orders to relinquish the weapon – no constitutional violation).

5.  *Salazar-Limar v. City of Houston*, 826 F.3d 272 (5th Cir. 2016) (officer shot suspect who had briefly resisted arrest and was walking away from him at a traffic stop because the suspect reached towards his waistband – no constitutional violation).

6.  *Collie v. Barron,* 747 Fed. Appx. 950 (5th Cir. 2018) (officer shot suspect who was walking away from officers with hands in his pockets and suddenly swung a hand in the direction of one of the officers – no constitutional violation).

7.  *Gomez v. City of Pharr*, No. 7:18-CV-342, 2019 WL 448898, *7 (S.D. Tex. Feb. 5, 2019) (officers shot mentally unstable boy holding two butter knives walking slowly toward them – no constitutional violation).

8.  *Manis v. Lawson*, 585 F.3d 839, 841-47 (5th Cir. 2009) (officer's use of deadly force was not excessive when unarmed man was shot after repeatedly reaching under the front seat of his car.)

9.  *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 380-81 (5th Cir. 2009) (officer's use of deadly force was not excessive when, while executing a high risk arrest warrant, the officer shot an individual who moved behind a door and reached into his boot for what the officer believed could be a weapon.)

10. *Young v. Killeen*, 775 F.3d 1349, 1350-51 (5th Cir. 1985) (officer's use of deadly force was not excessive when the officer shot an individual involved in a suspected drug transaction after the individual reached down to the seat or floorboard of his car, causing the officer to believe the individual was reaching for a gun.)

As stated previously, tasing an individual under tense, stressful circumstances cannot be considered, and has not been found to be, unlawful deadly force that is clearly established. *See e.g. Batiste*, 458 Fed. Appx. at 355 ("Even if Plaintiffs accurately describe the tasing, they have not shown that the use of a non-lethal weapon in a less than optimal manner necessarily equates to the use of a loaded firearm as was the case in [*Tennessee v. Garner*, 471 U.S. 1 (1985)]."). Defendant would have been justified, according to the controlling law of this Circuit, as set forth above, to have actually used deadly force in this situation, which Defendant chose not to do in an objectively reasonable manner.

In any event, tasing an individual who was an immediate and deadly threat to Defendant and others has not been clearly established, beyond debate, to be unlawful. *See Batiste,* 458 Fed. Appx. at 354 ("[W]e find no support, and the Plaintiffs offer none, for the inference that the use of a taser is comparable to discharging a firearm.  There are no cases in this circuit that support this proposition and we decline to so rule.").  Plaintiffs' Amended Complaint does not allege that Defendant's use of a taser in this situation violated clearly established law.  Plaintiffs thus fail to nudge their allegations of harm from conceivable to plausible. *Twombly,* 550 U.S. at 570.

As alleged, the claims against Guadarrama must be dismissed because it was not clearly established that the use of a taser, or other electronic device to subdue a suspect, amounted to excessive force that violated the Fourth Amendment.  *Mullenix*, 136 S.Ct. at 308 (dispositive question is whether the violative nature of the ***particular conduct*** is clearly established); *Morrow*, 917 F.3d at 874-75 (same).  Plaintiffs only allege a "sheer possibility" that Defendant acted unlawfully.  *Ashcroft*, 556 U.S. at 678.  Indeed, it has been held in the Fifth Circuit that a use of force, including the use of a taser, where the suspect is resisting or violent, is often appropriate or at least entitled to qualified immunity.  *See Poole v. City of Shreveport*, 691 F.3d 624, 629 (5th

Cir. 2012); *Rakestrau v. Neustrom*, No. 11-CV-1762, 2013 WL 1452030, at *10 (W.D. La. Apr. 8, 2013) (describing the state of the law in the Fifth Circuit and elsewhere, and noting that whether the use of a taser constitutes excessive force generally turns on whether the arrestee is resisting or otherwise violent).  Plaintiffs' amended allegations of excessive force are insufficient to overcome Guadarrama's entitlement to qualified immunity.

**F.      To the Extent that Plaintiffs Have Asserted State Law Claims, Such Claims Must be Dismissed For Failure to State a Claim.**

Plaintiffs assert, somewhat ambiguously, that, "[t]he United States Court of Appeals for the Fifth Circuit has held that using a state's wrongful death and survival statutes creates an effective remedy for civil rights claims pursuant to 42 U.S.C. §1983. Therefore, Plaintiffs  . . . seek all remedies and damages available under Texas and federal law including but not necessarily limited to the Texas wrongful death statute . . . the Texas survival statute . . . the Texas Constitution, common law, and all related and/or supporting case law."  Plaintiffs' Amended Complaint, pp. 45-46, ¶ 106.  *See also* Plaintiffs' Amended Complaint, p. 49, ¶ 112 (Plaintiffs' similar claims alleged against the City of Arlington).  Plaintiffs' state law claims against Defendant should be dismissed as a matter of law for the failure to state a claim.

1.      Plaintiffs' Wrongful Death and Survival Claims.

Plaintiffs are attempting to pursue state tort claims in addition to the federal §1983 claim. A plaintiff cannot pursue pendent state claims under the Texas Tort Claims Act where they are based on a single event, an event alleged under a contemporaneous §1983 cause of action to be an intentional tort."  *See Pratt v. Harris County*, No. H-12-1770, 2015 WL 224945, at *18 (S.D. Tex. Jan. 15, 2105) (quoting *Drain v. Galveston Cnty.*, 979 F.Supp. 1101, 1104-05 (S.D. Tex. 1997) (citing *Taylor v. Gregg*, 36 F.3d 453, 457 (5th Cir. 1994)), *aff'd,* 822 F.3d 174 (5th Cir. 2016).

The negligent conduct alleged in Plaintiffs' state law claims are the same as the intentional conduct alleged in the §1983 claim, and should be dismissed. *Id.*

Further, Plaintiffs have asserted identical state claims against Defendant City of Arlington. *Compare* Plaintiffs' Amended Complaint, pp. 45-46, ¶ 106, *with* Plaintiffs' Amended Complaint, p. 49, ¶ 112.  Under the Civil Practice and Remedies Code, Section 101.106, (1) the filing of a suit under the Tort Claims Act against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter; (2) if a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit; and (3) if a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment, and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only and shall be dismissed on the employee's motion.  Plaintiffs' independent state law claims against Defendant, should be dismissed under § 101.106.

To the extent that Plaintiffs are alleging a wrongful death or survival claim based upon 42 U.S.C. §1983, Plaintiffs would be required to show the constitutional deprivation required by §1983 and a causal link between the defendant's unconstitutional acts and the death of the victim as required by the state's wrongful death statute. *See Batiste*, 458 Fed. Appx. at 357-58.  For the reasons set forth above, Plaintiffs have not pled an actionable excessive force claim against Defendant, and Plaintiffs' state claims must also be dismissed.

2.    No Claim Under the Texas Constitution.

Plaintiffs generally assert a vague claim under the Texas Constitution.  Plaintiffs' Amended

Complaint, pp. 45-46, ¶ 106.  There is no private right of action for a claim for damages under the Texas Constitution.  *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148-49 (Tex. 1996).  *See also Kaufman County v. Combs*, 393 S.W.3d 336, 345 (Tex.App.-Dallas 2012, pet. denied) (no direct cause of action under Texas constitution, citing *Bouillion*).  As a result, to the extent that Plaintiffs attempt to assert a claim for damages under the Texas Constitution, such claim should be dismissed as a matter of Texas law.  *Id.  See also Perez v. Texas A&M Univ. at Corpus Christi*, No. 2-13-CV-225, 2013 WL 6230353, at *10 (S.D. Tex. Dec. 2, 2013) (recognizing *Bouillion* and that there is no private right of action for a "constitutional tort" under the Texas Constitution), *aff'd,* 589 Fed.Appx. 244 (5th Cir. 2014).

### III. <u>REQUEST FOR RELIEF</u>

While the events that occurred on July 10, 2017, with Mr. Olivas ended tragically, they do not justify maintaining suit against Defendant.  For the reasons set forth above, Defendant Jeremias Guadarrama respectfully requests that the court grant this renewed motion to dismiss, dismissing all claims brought by the Plaintiffs against him, based upon his qualified immunity defense and for failure to state a claim.  Plaintiffs assert that, as a matter of law, qualified immunity should not be available.  Plaintiffs' Amended Complaint, p. 45 n. 1.  Plaintiffs' assertion is without merit under United States Supreme Court and Fifth Circuit precedent, as discussed above.  Defendant also prays for all other relief to which he may be justly entitled.

Respectfully submitted,


By:    /s/ *Edwin P. Voss, Jr.*
       Edwin P. Voss, Jr.
       State Bar No. 20620300
       evoss@bhlaw.net

       Michael L. Martin
       State Bar No. 24108956
       mmartin@bhlaw.net

BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas  75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

ATTORNEYS FOR DEFENDANT
JEREMIAS GUADARRAMA


## CERTIFICATE OF SERVICE

A copy of the foregoing document was served electronically through the court's ECF system on all counsel of record on August 21, 2019.


       */s/ Edwin P. Voss, Jr.*
       Edwin P. Voss, Jr.