UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SELINA MARIE RAMIREZ, individually and as Independent Administrator of, and on behalf of, the ESTATE OF GABRIEL EDUARDO OLIVAS and the heirs-at-law of GABRIEL EDUARDO OLIVAS, and as parent, guardian, and next friend of and for female minor S.M.O.; and GABRIEL ANTHONY OLIVAS, individually, | § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-1529-L |
| CITY OF ARLINGTON, TEXAS; JEREMIAS GUADARRAMA; and EBONY N. JEFFERSON, | § § § § | |
| Defendants. | § § | |

## DEFENDANT JEREMIAS GUADARRAMA'S ANSWER TO THE FIRST AMENDED PLAINTIFFS' ORIGINAL COMPLAINT

Defendant Jeremias Guadarrama ("Defendant"), subject to Defendant Guadarrama's Renewed Motion to Dismiss, and Brief, filed prior to and concurrently with this answer, and in accordance with the deadline set forth in Rule 15(a)(3) of the Federal Rules of Civil Procedure, hereby files his answer to the First Amended Plaintiffs' Original Complaint, filed August 7, 2019 (ECF Doc. No. 19) ("Plaintiffs' Amended Complaint"), as follows:

## I. ANSWER

Introductory Paragraph: On page 1 of Plaintiffs' Amended Complaint, Plaintiffs include an introductory paragraph and copy of a photograph. Defendant denies the allegations contained in that introductory paragraph, as stated, and admits that on July 10, 2017, Defendant responded to a call to police for assistance at 1605 Carla Avenue, Arlington, Texas, that Defendant encountered Plaintiffs' Decedent, Mr. Gabriel E. Olivas ("Mr. Olivas"), that Mr. Olivas poured

gasoline on himself and threatened to commit suicide while holding a lighter in his hand, that Defendant fired his Taser at Mr. Olivas, that the fumes from the gasoline on Mr. Olivas caught fire, that Mr. Olivas suffered burns from the fire, and that later Mr. Olivas died from his injuries.

Table of Contents: On pages 2-3 of Plaintiffs' Amended Complaint, Plaintiffs include a Table of Contents listing various sections and headings in Plaintiffs' Amended Complaint. To the extent that said Table of Contents and the headings listed therein include any allegations or claims against Defendant, Defendant denies those allegations and claims.

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of Plaintiffs' Amended Complaint, and denies that Plaintiff Ramirez is entitled to any relief against Defendant.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Plaintiffs' Amended Complaint, and denies that Plaintiff Olivas is entitled to any relief against Defendant.

3.      Defendant admits that Defendant City of Arlington has appeared in this case, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of Plaintiffs' Amended Complaint.

4.      Defendant denies the allegations of paragraph 4 of Plaintiffs' Amended Complaint, as stated, and admits that he has been served with process and has appered in this case. Defendant further admits that at the time of the events giving rise to Plaintiffs' claims, Defendant was employed as a police officer with the Arlington Police Department, and that Defendant was acting pursuant to and within the scope of his employment and duties as a certified Texas peace officer for the Arlington Police Department.

5.      Defendant admits that Defendant Ebony N. Jefferson ("Sergeant Jefferson") has appeared in this case, and admits that at the time of the events giving rise to Plaintiffs' claims,

Sergeant Jefferson was employed as a police officer with the Arlington Police Department. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of Plaintiffs' Amended Complaint.

6.      Defendant admits the allegations of paragraph 6 of Plaintiffs' Amended Complaint but only to the extent that Plaintiffs have stated a claim upon which relief can be granted.

7.      Defendant admits the allegations of paragraph 7 of Plaintiffs' Amended Complaint but only to the extent that Plaintiffs have stated a claim upon which relief can be granted.

8.      Defendant admits the allegations of paragraph 8 of Plaintiffs' Amended Complaint but only to the extent that Plaintiffs have stated a claim upon which relief can be granted.

9.      On page 6 of Plaintiffs' Amended Complaint, Plaintiffs include an introductory paragraph in paragraph 9.  To the extent that said introductory paragraph 9 includes any allegations or claims against Defendant, Defendant denies those allegations and claims.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of Plaintiffs' Amended Complaint.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of Plaintiffs' Amended Complaint.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the allegations of the first and fourth sentences of paragraph 12 of Plaintiffs' Amended Complaint.  Defendant denies the remaining allegations of paragraph 12 of Plaintiffs' Amended Complaint.

13.     Defendant denies the allegations of the first, second and last sentences of paragraph 13 of Plaintiffs' Amended Complaint, as stated, and Defendant admits that Defendant observed Mr. Olivas pour gasoline on himself and threaten to commit suicide, "kill everyone," and burn down the house while holding a lighter in his hand.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of Plaintiffs' Amended Complaint.

14.     Defendant denies the allegations of paragraph 14 of Plaintiffs' Amended Complaint, as stated, and admits that he provided statements regarding his encounter with Mr. Olivas on July 10, 2017, at 1605 Carla Avenue, Arlington, Texas.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first two sentences of paragraph 15 of Plaintiffs' Amended Complaint concerning a statement provided by Officer Scott, and admits that Officer Scott's statement speaks for itself.  Defendant denies the remaining additional allegations of paragraph 15 of Plaintiff's Amended Complaint, and objects to Plaintiffs' characterizations of a statement provided by Officer Scott.

16.     Based upon the allegations in paragraph 15 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 16 of Plaintiffs' Amended Complaint are based on a statement by Officer Scott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of Plaintiffs' Amended Complaint, and admits that Officer Scott's statement speaks for itself.  Defendant denies the remaining additional allegations of paragraph 16 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of a statement provided by Officer Scott.

17.     Based upon the allegations in paragraph 15 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 17 of Plaintiffs' Amended Complaint are

based on a statement by Officer Scott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of Plaintiffs' Amended Complaint, and admits that Officer Scott's statement speaks for itself.  Defendant denies the remaining additional allegations of paragraph 17 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of a statement provided by Officer Scott.

18.     Based upon the allegations in paragraph 15 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 18 of Plaintiffs' Amended Complaint are based on a statement by Officer Scott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of Plaintiffs' Amended Complaint, and admits that Officer Scott's statement speaks for itself.

19.     Defendant understands that the allegations of paragraph 19 of Plaintiffs' Amended Complaint are based on a statement by Corporal Ray and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of Plaintiffs' Amended Complaint, and admits that Corporal Ray's statement speaks for itself.  Defendant denies the remaining additional allegations of paragraph 19 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of a statement provided by Corporal Ray.

20.     Defendant admits the allegations of the first sentence of paragraph 20 of Plaintiffs' Amended Complaint.  Defendant denies the remaining allegations of paragraph 20 of Plaintiffs' Amended Complaint, as stated, and admits that Defendant's statement speaks for itself.

21.     Based upon the allegations in paragraph 20 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 21 of Plaintiffs' Amended Complaint are based on Defendant's statement, and Defendant admits that his statement speaks for itself.

Defendant denies the remaining additional allegations of paragraph 21 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of Defendant's statement.

22.     Based upon the allegations in paragraph 20 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 22 of Plaintiffs' Amended Complaint are based on Defendant's statement, and Defendant admits that his statement speaks for itself. Defendant denies the remaining additional allegations of paragraph 22 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of Defendant's statement.

23.     Based upon the allegations in paragraph 20 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 23 of Plaintiffs' Amended Complaint are based on Defendant's statement, and Defendant admits that his statement speaks for itself. Defendant denies the remaining additional allegations of paragraph 23 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of Defendant's statement.

24.     Based upon the allegations in paragraph 20 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 24 of Plaintiffs' Amended Complaint are based on Defendant's statement, and Defendant admits that his statement speaks for itself. Defendant denies the remaining additional allegations of paragraph 24 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of Defendant's statement.

25.     Based upon the allegations in paragraph 20 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 25 of Plaintiffs' Amended Complaint are based on Defendant's statement, and Defendant admits that his statement speaks for itself. Defendant denies the remaining additional allegations of paragraph 25 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of Defendant's statement.

26.     Based upon the allegations in paragraph 20 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 26 of Plaintiffs' Amended Complaint are

based on Defendant's statement, and Defendant admits that his statement speaks for itself. Defendant denies the remaining additional allegations of paragraph 26 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of Defendant's statement.

27.      Defendant denies the allegations of paragraph 27 of Plaintiffs' Amended Complaint.

28.      Defendant denies the allegations of paragraph 28 of Plaintiffs' Amended Complaint.

29.      Defendant denies the allegations of paragraph 29 of Plaintiffs' Amended Complaint except that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence of paragraph 29 of Plaintiffs' Amended Complaint.

30.      Defendant understands that the allegations of paragraph 30 of Plaintiffs' Amended Complaint are based on a statement by Sergeant Jefferson, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of Plaintiffs' Amended Complaint, and admits that Sergeant Jefferson's statement speaks for itself.

31.      Based upon the allegations in paragraph 30 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 31 of Plaintiffs' Amended Complaint are based on a statement by Sergeant Jefferson, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of Plaintiffs' Amended Complaint, and admits that Sergeant Jefferson's statement speaks for itself.

32.      Based upon the allegations in paragraph 30 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 32 of Plaintiffs' Amended Complaint are based on a statement by Sergeant Jefferson, and Defendant is without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 32 of Plaintiffs' Amended Complaint, and admits that Sergeant Jefferson's statement speaks for itself.

33.     Based upon the allegations in paragraph 30 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 33 of Plaintiffs' Amended Complaint are based on a statement by Sergeant Jefferson, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of Plaintiffs' Amended Complaint, and admits that Sergeant Jefferson's statement speaks for itself.

34.     Based upon the allegations in paragraph 30 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 34 of Plaintiffs' Amended Complaint are based on a statement by Sergeant Jefferson, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of Plaintiffs' Amended Complaint, and admits that Sergeant Jefferson's statement speaks for itself.  Defendant denies the remaining additional allegations of paragraph 34 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of a statement provided by Sergeant Jefferson.

35.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of Plaintiffs' Amended Complaint, and admits that Sergeant Jefferson's statement speaks for itself.

36.     Defendant understands that the allegations of paragraph 36 of Plaintiffs' Amended Complaint are based on a statement by Officer Caleb Elliott ("Officer Elliott"), and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of Plaintiffs' Amended Complaint, and admits that Officer Elliott's statement speaks for itself.

37.     Based upon the allegations in paragraph 36 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 37 of Plaintiffs' Amended Complaint are

based on a statement by Officer Elliott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of Plaintiffs' Amended Complaint, and admits that Officer Elliott's statement speaks for itself.

38.     Based upon the allegations in paragraph 36 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 38 of Plaintiffs' Amended Complaint are based on a statement by Officer Elliott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of Plaintiffs' Amended Complaint, and admits that Officer Elliott's statement speaks for itself.  Defendant denies the remaining additional allegations of paragraph 38 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of a statement provided by Officer Elliott or by Defendant.

39.     Based upon the allegations in paragraph 36 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 39 of Plaintiffs' Amended Complaint are based on a statement by Officer Elliott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of Plaintiffs' Amended Complaint, and admits that Officer Elliott's statement speaks for itself.  Defendant denies the remaining additional allegations of paragraph 39 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of a statement provided by Officer Elliott.

40.     Based upon the allegations in paragraph 36 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 40 of Plaintiffs' Amended Complaint are based on a statement by Officer Elliott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of Plaintiffs' Amended Complaint, and admits that Officer Elliott's statement speaks for itself.  Defendant

denies the remaining additional allegations of paragraph 40 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of a statement provided by Officer Elliott.

41.     Based upon the allegations in paragraph 36 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 41 of Plaintiffs' Amended Complaint are based on a statement by Officer Elliott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of Plaintiffs' Amended Complaint, and admits that Officer Elliott's statement speaks for itself.  Defendant denies the remaining additional allegations of paragraph 41 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of a statement provided by Officer Elliott.

42.     Based upon the allegations in paragraph 36 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 42 of Plaintiffs' Amended Complaint are based on a statement by Officer Elliott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of Plaintiffs' Amended Complaint, and admits that Officer Elliott's statement speaks for itself.  Defendant denies the remaining additional allegations of paragraph 42 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of a statement provided by Officer Elliott.

43.     Based upon the allegations in paragraph 36 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 43 of Plaintiffs' Amended Complaint are based on a statement by Officer Elliott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of Plaintiffs' Amended Complaint, and admits that Officer Elliott's statement speaks for itself.  Defendant denies the remaining additional allegations of paragraph 43 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of a statement provided by Officer Elliott.

44.     Based upon the allegations in paragraph 36 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 44 of Plaintiffs' Amended Complaint are based on a statement by Officer Elliott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of Plaintiffs' Amended Complaint, and admits that Officer Elliott's statement speaks for itself.  Defendant denies the remaining additional allegations of paragraph 44 of Plaintiffs' Amended Complaint.

45.     Based upon the allegations in paragraph 36 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 45 of Plaintiffs' Amended Complaint are based on a statement by Officer Elliott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of Plaintiffs' Amended Complaint, and admits that Officer Elliott's statement speaks for itself.  Defendant denies the remaining additional allegations of paragraph 45 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of a statement provided by Officer Elliott.

46.     Based upon the allegations in paragraph 36 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 46 of Plaintiffs' Amended Complaint are based on a statement by Officer Elliott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of Plaintiffs' Amended Complaint, and admits that Officer Elliott's statement speaks for itself.  Defendant denies the remaining additional allegations of paragraph 46 of Plaintiffs' Amended Complaint.

47.     Based upon the allegations in paragraph 36 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 47 of Plaintiffs' Amended Complaint are based on a statement by Officer Elliott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of Plaintiffs' Amended Complaint, and admits that Officer Elliott's statement speaks for itself.

48.     Defendant denies the allegations of paragraph 48 of Plaintiffs' Amended Complaint, except that Defendant admits that, on July 10, 2017, he had been employed at the Arlington Police Department for over nine (9) years, that Officer Elliott had been employed with the Arlington Police Department approximately one (1) year, and that Sergeant Jefferson had been employed with the Arlington Police Department over fourteen (14) years.

49.     Based upon the allegations in paragraph 36 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 49 of Plaintiffs' Amended Complaint are based on a statement by Officer Elliott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of Plaintiffs' Amended Complaint, and admits that Officer Elliott's statement speaks for itself.

50.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of Plaintiffs' Amended Complaint.

51.     Defendant denies the allegations of paragraph 51 of Plaintiffs' Amended Complaint.

52.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 52 of Plaintiffs' Amended Complaint.  Defendant denies the remaining allegations of paragraph 52 of Plaintiffs' Amended Complaint.

53.     Based upon the allegations in paragraph 36 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 53 of Plaintiffs' Amended Complaint are based on a statement by Officer Elliott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of Plaintiffs' Amended Complaint, and admits that Officer Elliott's statement speaks for itself.  Defendant

denies the remaining additional allegations of paragraph 53 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of a statement provided by Officer Elliott.

54.     Based upon the allegations in paragraph 36 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 54 of Plaintiffs' Amended Complaint are based on a statement by Officer Elliott, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of Plaintiffs' Amended Complaint, and admits that Officer Elliott's statement speaks for itself.  Defendant denies the remaining additional allegations of paragraph 54 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of a statement provided by Officer Elliott.

55.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of Plaintiffs' Amended Complaint.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of Plaintiffs' Amended Complaint.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of Plaintiffs' Amended Complaint.

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of Plaintiffs' Amended Complaint.

59.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of Plaintiffs' Amended Complaint.

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of Plaintiffs' Amended Complaint.

61.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of Plaintiffs' Amended Complaint.

62.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of Plaintiffs' Amended Complaint.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of Plaintiffs' Amended Complaint.

64.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of Plaintiffs' Amended Complaint.

65.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of Plaintiffs' Amended Complaint.

66.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of Plaintiffs' Amended Complaint.

67.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of Plaintiffs' Amended Complaint.

68.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of Plaintiffs' Amended Complaint, except that Defendant admits that he met with legal counsel on July 10, 2017.

69.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of Plaintiffs' Amended Complaint, except that Defendant admits that he met with legal counsel on July 10, 2017, whose name was Terry Daffron.  Defendant additionally asserts that, concerning the last sentence of paragraph 69 of Plaintiffs' Amended Complaint, Defendant cannot respond to said allegations because communications between Defendant and his legal counsel are protected from disclosure by the attorney-client privilege.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of Plaintiffs' Amended Complaint.

71.     Based upon the allegations in paragraph 67 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 71 of Plaintiffs' Amended Complaint are based on a report prepared by Detective Grant Gildon ("Detective Gildon"), and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of Plaintiffs' Amended Complaint, and admits that Detective Gildon's report speaks for itself.   Defendant denies the remaining additional allegations of paragraph 71 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of the report prepared by Detective Gildon.

72.     Defendant admits the allegations of paragraph 72 of Plaintiffs' Amended Complaint that Sergeant Jefferson was not terminated from the Arlington Police Department as a result of the encounter with Mr. Olivas on July 10, 2017.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 72 of Plaintiffs' Amended Complaint.

73.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of Plaintiffs' Amended Complaint.

74.     Based upon the allegations in paragraph 67 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 74 of Plaintiffs' Amended Complaint are based on a report prepared by Detective Gildon, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of Plaintiffs' Amended Complaint, and admits that Detective Gildon's report speaks for itself.

75.     Based upon the allegations in paragraph 67 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 75 of Plaintiffs' Amended Complaint are based on a report prepared by Detective Gildon, and Defendant is without knowledge or

information sufficient to form a belief as to the truth the allegations of paragraph 75 of Plaintiffs' Amended Complaint, and admits that Detective Gildon's report speaks for itself.

76.     Based upon the allegations in paragraph 67 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 76 of Plaintiffs' Amended Complaint are based on a report prepared by Detective Gildon, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of Plaintiffs' Amended Complaint, and admits that Detective Gildon's report speaks for itself.

77.     Based upon the allegations in paragraph 67 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 77 of Plaintiffs' Amended Complaint are based on a report prepared by Detective Gildon, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of Plaintiffs' Amended Complaint, and admits that Detective Gildon's report speaks for itself.

78.     Based upon the allegations in paragraph 67 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 78 of Plaintiffs' Amended Complaint are based on a report prepared by Detective Gildon, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of Plaintiffs' Amended Complaint, and admits that Detective Gildon's report speaks for itself.

79.     Based upon the allegations in paragraph 67 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 79 of Plaintiffs' Amended Complaint are based on a report prepared by Detective Gildon, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of Plaintiffs' Amended Complaint, and admits that Detective Gildon's report speaks for itself.

80.     Based upon the allegations in paragraph 67 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 80 of Plaintiffs' Amended Complaint are

based on a report prepared by Detective Gildon, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of Plaintiffs' Amended Complaint, and admits that Detective Gildon's report speaks for itself. Defendant denies the remaining additional allegations of paragraph 80 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of the report prepared by Detective Gildon.

81.     Based upon the allegations in paragraph 67 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 81 of Plaintiffs' Amended Complaint are based on a report prepared by Detective Gildon, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of Plaintiffs' Amended Complaint, and admits that Detective Gildon's report speaks for itself. Defendant denies the remaining additional allegations of paragraph 81 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of the report prepared by Detective Gildon.

82.     Based upon the allegations in paragraph 67 of Plaintiffs' Amended Complaint, Defendant understands that the allegations of paragraph 82 of Plaintiffs' Amended Complaint are based on a report prepared by Detective Gildon, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of Plaintiffs' Amended Complaint, and admits that Detective Gildon's report speaks for itself. Defendant denies the remaining additional allegations of paragraph 82 of Plaintiffs' Amended Complaint, and objects to Plaintiffs' characterizations of the report prepared by Detective Gildon.

83.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of Plaintiffs' Amended Complaint, except that

Defendant denies the allegations in the second sentence of paragraph 83 of Plaintiffs' Amended Complaint.

84.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of Plaintiffs' Amended Complaint, except that Defendant denies that any training he received regarding the use of a Taser included an absolute prohibition against Taser use in the presence of flammable substances, and Defendant denies that he knew that Mr. Olivas would catch fire as the result of Taser use.

85.     Defendant denies the allegations of paragraph 85 of Plaintiffs' Amended Complaint, except that Defendant admits that his training related to Taser use did not absolutely prohibit the use of a Taser in the circumstances Defendant encountered with Mr. Olivas.

86.     Defendant denies the allegations of paragraph 86 of Plaintiffs' Amended Complaint, except that Defendant admits that the Texas Commission on Law Enforcement (TCOLE) keeps training records of police officers.

87.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 of Plaintiffs' Amended Complaint.

88.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of Plaintiffs' Amended Complaint.

89.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of Plaintiffs' Amended Complaint, except that Defendant admits that Defendant's service records maintained by TCOLE speak for themselves, and admits that he started service with the Arlington Police Department on February 25, 2008.

90.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of Plaintiffs' Amended Complaint, and admits that Defendant's training records maintained by TCOLE speak for themselves, except that Defendant

denies the allegations in paragraph 90 of Plaintiffs' Amended Complaint that he acted inappropriately in his encounter with Mr. Olivas on July 10, 2017, or acted unreasonably, with deliberate indifference, or caused a constitutional violation.

91.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of Plaintiffs' Amended Complaint.

92.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of Plaintiffs' Amended Complaint.

93.     Defendant denies the allegations of paragraph 93 of Plaintiffs' Amended Complaint.

94.     Defendant denies the allegations of paragraph 94 of Plaintiffs' Amended Complaint.

95.     Defendant denies the allegations of paragraph 95 of Plaintiffs' Amended Complaint.

96.     Defendant denies the allegations of paragraph 96 of Plaintiffs' Amended Complaint.

97.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 of Plaintiffs' Amended Complaint, except that Defendant admits that at the time of Defendant's encounter with Mr. Olivas on July 10, 2017, the Arlington Police Department had a use of force continuum policy, and that Defendant complied with that policy.

98.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 of Plaintiffs' Amended Complaint.

99.     Defendant denies the allegations of paragraph 99 of Plaintiffs' Amended Complaint.

100.    Defendant denies the allegations of paragraph 100 of Plaintiffs' Amended Complaint.

101.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 of Plaintiffs' Amended Complaint.

102.    Defendant denies the allegations of paragraph 102 of Plaintiffs' Amended Complaint.

103.    Defendant denies the allegations of paragraph 103 of Plaintiffs' Amended Complaint, and denies that Defendant's purported personnel records are material in this case.

104.    Defendant denies the allegations of paragraph 104 of Plaintiffs' Amended Complaint, except that Defendant admits that Defendant was not disciplined and did not receive any adverse employment action as a result of Defendant's encounter with Mr. Olivas on July 10, 2017.

105.    Defendant denies the allegations of paragraph 105 of Plaintiffs' Amended Complaint.

106.    Defendant denies the allegations of paragraph 106 of Plaintiffs' Amended Complaint.

107.    Defendant denies the allegations of paragraph 107 of Plaintiffs' Amended Complaint.

108.    Defendant denies the allegations of paragraph 108 of Plaintiffs' Amended Complaint.

109.    Defendant denies the allegations of paragraph 109 of Plaintiffs' Amended Complaint.

110.    Defendant denies the allegations of paragraph 110 of Plaintiffs' Amended Complaint.

111.     Defendant denies the allegations of paragraph 111 of Plaintiffs' Amended Complaint.

112.     Defendant denies the allegations of paragraph 112 of Plaintiffs' Amended Complaint.

113.     Defendant denies the allegations of paragraph 113 of Plaintiffs' Amended Complaint.

114.     Defendant denies the allegations of paragraph 114 of Plaintiffs' Amended Complaint.

115.     Although the allegations of paragraph 115 of Plaintiffs' Amended Complaint do not assert any claims or matters giving rise to an obligation on the part of Defendant to admit or deny said allegations, Defendant denies the allegations of paragraph 115 of Plaintiffs' Amended Complaint that Plaintiffs may use any document without Defendant's evaluation of the document and opportunity to respond and/or object in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any other applicable rule of procedure or court order.

116.     The allegations of paragraph 116 of Plaintiffs' Amended Complaint do not assert any claims or matters giving rise to an obligation on the part of Defendant to admit or deny said allegations.

117.     Defendant denies the allegations of the Prayer paragraph of Plaintiffs' Complaint, and denies that Plaintiffs are entitled to the relief they seek in this lawsuit.

## II. **<u>AFFIRMATIVE DEFENSES</u>**

118.     Defendant affirmatively pleads that Plaintiffs have failed to state a claim upon which relief can be granted as to all claims asserted by Plaintiffs.

119.    Defendant affirmatively pleads that no deprivation of Plaintiffs' rights occurred with regard to the matters about which they complain.

120.    Defendant affirmatively pleads that he did not engage in any actions that resulted in the violation of any of Plaintiffs' or of Mr. Olivas' constitutional rights, nor did he direct, order, or authorize any other person to do so.

121.    Defendant affirmatively pleads that he did not violate Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

122.    Defendant affirmatively pleads that his encounter with Mr. Olivas was conducted lawfully, that his actions were objectively reasonable, and that he did not violate clearly established law of which a reasonable person would have known.

123.    Defendant affirmatively pleads that, on the occasion in question, Mr. Olivas' injuries did not result directly and only from Defendant's use of force that was clearly excessive to the need to use force, and that Defendant's use of force was objectively reasonable and did not violate clearly established law of which a reasonable person would have known.

124.    Defendant affirmatively pleads that he was at all relevant times a public or government official, to wit, a police officer, employed at the time of the incident in question by the City of Arlington; is entitled to qualified immunity from suit and from damages in the present cause; and that on the occasion in question, he acted without malice, without an intent to deprive Mr. Olivas of any legally protected rights, with a reasonable good faith belief that his actions were lawful, proper, and within and pursuant to the scope of his discretionary authority as a police officer; and that he did not violate clearly established law of which a reasonable person would have known.  In support of his assertion of the defense of qualified immunity as asserted herein, Defendant pleads as follows:

a.      On July 10, 2017, and at all times relevant to his encounter with Mr. Olivas, Defendant was a public official, a TCOLE certified peace officer employed by the City of Arlington as a police officer.

b.      At all times relevant to Defendant's encounter with Mr. Olivas, Defendant was acting within the course and scope of his duties as an Arlington police officer, and was discharging his discretionary authority as a peace officer.

c.      On July 10, 2017, at around 12:00 p.m., Defendant responded to a call regarding a suicidal individual at 1605 Carla Avenue, Arlington, Texas.  The individual was believed to have doused his residence with gasoline.  Defendant arrived at the scene and waited for backup.  Defendant was notified by dispatch that the individual that was attempting suicide had violent tendencies towards officers and a history of family violence.  Defendant also knew that the individual was addicted to methamphetamine who became paranoid and exhibited dangerous behavior during episodes of using drugs and alcohol.

d.      Sergeant Jefferson and Officer Elliott were the next officers to arrive on the scene.  Sergeant Jefferson, Officer Elliott and Defendant entered the residence at 1605 Carla Avenue, and were directed to a bedroom in the East corner of the residence.  The hallway and the bedroom were dark, and with the light from Defendant's flashlight, and with the light from flashlights of the other officers, Defendant could see two individuals sitting on the bed in the bedroom, one male and one female.  Defendant later learned that the male was Mr. Olivas and the female was Mr. Olivas' wife.

e.      Defendant could smell gasoline odor when Defendant entered the house and in the bedroom.  Defendant and the other officers announced that they were Arlington Police Officers.  Both individuals on the bed in the bedroom started screaming, and Mr. Olivas poured liquid on his head from a red container in his left hand.  Mr. Olivas held a lighter in his right

**DEFENDANT JEREMIAS GUADARRAMA'S ANSWER TO THE FIRST AMENDED PLAINTIFFS' ORIGINAL COMPLAINT** – Page 23

hand. Mr. Olivas started shouting "I am going to kill myself, I will do it, I will do it, and I will kill everyone." Defendant and the other officers ordered Mr. Olivas to drop the lighter and the red container. Mr. Olivas' wife was in-between Defendant and the other officers, and Mr. Olivas, and she did not obey officer commands to leave the room. Mr. Olivas' wife further refused physical efforts to leave the room. Defendant and the other officers tried to calm Mr. Olivas down, but he would not listen to Defendant and the other officers.

       f.      Officer Elliott sprayed Mr. Olivas with O.C. spray, but it did not have an effect on Mr. Olivas. Defendant saw Sergeant Jefferson pull his Taser out and point it at Mr. Olivas, and Defendant did the same. It was a chaotic and stressful situation due to the screaming from the people in the room. Mr. Olivas was exhibiting a chaotic demeanor and Defendant believed that he would follow through with his threats of killing everyone in the room.

       g.      Defendant believed that using his Taser would be the best option to attempt to subdue and get control of the situation. Defendant believed that if Defendant used a hands-on approach, Defendant would place himself in a more dangerous situation because Mr. Olivas held a lighting mechanism that he could use to ignite himself and possibly ignite Defendant and the other officers. Defendant believed that if Defendant used his firearm, the bullet would create a risk to Mr. Olivas' wife in the room and to others outside of the house on the other side of the window behind Mr. Olivas. Believing that the lives of the Mr. Olivas' wife, of the other officers, and Defendant's life, were in danger, Defendant fired his Taser, striking Mr. Olivas in the torso area. Defendant believed that the Taser would incapacitate Mr. Olivas and allow Defendant and the other officers to then restrain Mr. Olivas more safely. Moments later, Mr. Olivas was engulfed in flames. Defendant does not know if the Taser striking Mr. Olivas, or Mr. Olivas lighting the lighter in his hand, started the fire.

h.      Defendant next assisted Mr. Olivas by trying to stop him from burning, using blankets in the bedroom and then following Mr. Olivas in the nearby bathroom.  Defendant was then pulled from the residence, which was now engulfed in flames.  Defendant suffered burns to his hands, face and head areas and later received medical treatment for those burns. Defendant saw the EMS personnel attend to Mr. Olivas and his burns.

i.      A reasonable police officer, possessing the information known to Defendant at the time, could have believed that it was lawful to attempt to subdue Mr. Olivas by using Defendant's Taser, given the immediate and lethal threat that Mr. Olivas presented to himself, to his family members, to the other officers, and to Defendant.  Mr. Olivas had dispersed gasoline throughout the residence, and on himself, and was holding a lighter that he indicated that he would use to ignite the gasoline fumes.

125.    Defendant affirmatively pleads that his actions, as described in subparagraphs (a) through (i) in the preceding paragraph, inclusive, were objectively reasonable, in that a reasonable police officer could have determined that Defendant's actions, under the facts and circumstances as then known by Defendant, were prudent, objectively reasonable, and  did not violate clearly established law.

126.    Defendant affirmatively pleads that he did not violate any clearly established statutory or constitutional rights afforded to the Plaintiffs of which a reasonable person would have known.  Defendant further asserts that he did not exercise excessive force, and that Defendant's actions were not objectively unreasonable.  At the time that Defendant used his Taser on Mr. Olivas, Mr. Olivas presented an immediate and lethal threat to himself, his family members, and the officers present at the residence.  Mr. Olivas had dispersed gasoline throughout the residence, and on himself, and was holding a lighter to ignite a fire, indicating that he intended to use the lighter to start a fire.  Sergeant Jefferson, Officer Elliott, and

Defendant, as well as family members, were in close proximity, and were clearly at risk. The situation was unstable, tense, uncertain and rapidly evolving. Defendant's conduct and actions were, therefore, objectively reasonable, given the exigent circumstances that were present at the moment Defendant discharged his Taser. Defendant's use of his Taser was a direct response to the threat of immediate and lethal harm that Mr. Olivas posed to Defendant and others.

127.    Defendant affirmatively pleads that, at all relevant times, he was performing discretionary functions which involved personal deliberation, decision and judgment in a rapidly developing, tense and uncertain situation. Defendant further affirmatively pleads that he did not act maliciously or egregiously with an intent to harm Mr. Olivas, or with deliberate indifference, or violate his constitutional rights, so that Defendant's actions do not shock the conscience.

128.    Defendant affirmatively pleads that Plaintiffs' alleged damages, if any, were caused by Mr. Olivas' own actions or by the actions of others and not by the actions of Defendant, so that the doctrine of comparative causation applies to this case.

129.    Defendant affirmatively pleads that Defendant's actions or inactions, if any, were a justified and lawful exercise of the powers granted to him by the State of Texas.

130.    Defendant affirmatively pleads that Plaintiffs' claim for punitive damages are barred and/or limited by the constraints set forth in the Fourth Amendment to the United States Constitution.

131.    Defendant affirmatively pleads that Plaintiffs' claims are barred by a legal intervening cause.

132.    Defendant affirmatively pleads that to the extent that Plaintiffs have asserted state law claims, then such claims are barred by statutory immunity, official immunity, and the election of remedies provisions set forth in Chapter 101 of the Texas Civil Practice and Remedies Code.

133.    Defendant affirmatively pleads that to the extent that Plaintiffs have asserted claims for monetary recovery under the Texas Constitution, then Plaintiffs' claims are barred because there is no right of action for recovery of monetary damages under the Texas Constitution.

134.    Defendant affirmatively pleads that Plaintiffs' claims are barred by reason of Mr. Olivas' commission or attempted commission of suicide and Defendant asserts the defenses set forth in Chapter 93 of the Texas Civil Practice and Remedies Code.

135.    Defendant affirmatively pleads that Plaintiffs have failed to mitigate their damages.

WHEREFORE, PREMISES CONSIDERED, Defendant Jeremias Guadarrama prays that Plaintiffs take nothing by this suit, that all relief requested by Plaintiffs be denied, and Defendant prays for such other and further relief to which he may be justly entitled.

Respectfully submitted,

By:    /s/ *Edwin P. Voss, Jr.*
       Edwin P. Voss, Jr.
       State Bar No. 20620300
       evoss@bhlaw.net

       Michael L. Martin
       State Bar No. 24108956
       mmartin@bhlaw.net

BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas  75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

ATTORNEYS FOR DEFENDANT
JEREMIAS GUADARRAMA

## CERTIFICATE OF SERVICE

A copy of the foregoing document was served electronically through the court's ECF system on all counsel of record on August 21, 2019.

*/s/ Edwin P. Voss, Jr.*
Edwin P. Voss, Jr.