UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SELINA MARIE RAMIREZ, individually and as Independent Administrator of, and on behalf of, the ESTATE OF GABRIEL EDUARDO OLIVAS and the heirs-at-law of GABRIEL EDUARDO OLIVAS, and as parent, guardian, and next friend of and for female minor S.M.O.; and GABRIEL ANTHONY OLIVAS, individually, | § § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:19-CV-1529-X |
| v. | § § | |
| CITY OF ARLINGTON, TEXAS; JEREMIAS GUADARRAMA; and EBONY N. JEFFERSON, | § § § § | |
| Defendants. | § § | |

## DEFENDANT GUADARRAMA'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Defendant Jeremias Guadarrama ("Defendant" or "Guadarrama"), pursuant to the court's Local Rules 7.1(f) and 7.2(c), files this, his reply to Plaintiffs' Response to Defendants' Motions to Dismiss, filed on September 10, 2019 (ECF Doc. No. 29) ("Plaintiffs' Response"). In support hereof, Defendant respectfully shows the court the following:

## I. INTRODUCTION

Plaintiffs' Response is filed to respond to the dismissal motion not only filed by Guadarrama, but also in response to dismissal motions filed by Co-Defendants City of Arlington, Texas, and Ebony N. Jefferson. *See, generally*, Plaintiffs' Response. Guadarrama's reply is to those portions of Plaintiffs' Response applicable to Guadarrama's dismissal motion only.

## II. <u>ARGUMENT AND AUTHORITIES</u>

### A.     <u>Rule 12(b)(6) Motion: The Appropriate Legal Standard</u>

Plaintiffs' Response does not materially dispute the standards set forth in this section of Defendant Guadarrama's Renewed Motion to Dismiss, and Brief, filed August 21, 2019 (ECF Doc. No. 25) ("Defendant's Motion"). *Compare* Plaintiffs' Response, p. 7, *with* Defendant's Motion, pp. 2-3.

### B.     <u>Legal Standard for Excessive Force Pleadings</u>

Plaintiffs' Response does not materially dispute the standards set forth in this section of Defendant's Motion. *Compare* Plaintiffs' Response, pp. 13-14, *with* Defendant's Motion, pp. 3-5. Plaintiffs' Response, however, goes further to suggest that the excessive force factors can be satisfied "without a body of relevant case law." Plaintiffs' Response, p. 14 (citing *Newman v. Guedry,* 703 F.3d 757, 764 (5th Cir. 2012), *cert. denied*, 571 U.S. 826 (2013)). While *Newman* was an excessive force case that involved use of a taser, the decision loosely analyzed the "clearly excessive law" standard. *Id.* Notwithstanding Plaintiffs' attempt to characterize this case as being aligned with *Newman, Newman* is distinguishable. In *Newman,* the suspect had committed no crime, posed no threat to anyone's safety, and did not resist the officers or fail to comply with a command. *Id.* In fact, the plaintiff claimed he was tasered repeatedly despite never being given any command by the officers. *Id.* at 763.

In contrast, the officers' accounts of the situation and series of events in the instant case paint a different picture entirely. Plaintiffs' Amended Complaint, pp. 7-23. Further, even if Plaintiffs' version of events stated a constitutional violation (which Defendant nonetheless denies), that is only one element of an excessive force claim. The court must also decide whether Defendant's conduct violated "clearly established . . . constitutional rights of which a reasonable

person would have known." *Mullenix v. Luna,* ___ U.S. ___, 136 S.Ct. 305, 308 (2015).  Clearly established law must be particularized to the facts of the case.  *Id.*  While a case need not be "directly on point," precedent must still put the underlying question beyond debate.  *Id.  Newman* fails in that role, and does not provide sufficient precedential notice vis-à-vis the scenario facing Defendant and whether clearly established law put the underlying question beyond debate whether Defendant's use of his taser on a man who doused himself with gasoline, held a lighter, threatened to commit suicide by igniting himself, risking harm to other persons and/or property from an ensuing fire, including the risk to the officers, in a tense and emotionally volatile situation in a bedroom, was prohibited.  *Newman,* therefore, is not clearly established law governing the court's decision here.

Further, Plaintiffs' Response cites *Grandstaff v. City of Borger,* 767 F.2d 161, 171 (5th Cir. 1985) in discussing excessive force.  Plaintiffs' Response, p. 14, 25.  *Grandstaff* is not applicable as authority for an excessive force claim against Defendant because the focus of the cited portion of that decision was whether a policy, practice or custom existed sufficient to hold the city liable under *Monell v. Dept. of Soc. Services,* 436 U.S. 658 (1978).  Moreover, *Grandstaff* has been severely limited in any further application as reliable authority:

> Rather, *Grandstaff* affirmed a judgment against a Texas city on a highly peculiar set of facts: in response to a minor traffic violation, three patrol cars engaged in a high speed chase during which they fired wildly at the suspected misdemeanant; the object of this chase took refuge on an innocent person's ranch, where the entire night shift of the city police force converged and proceeded to direct hails of gunfire at anything that moved; although nobody except the police was ever shown to have fired a shot, the innocent rancher was killed when the police shot him in the back as he was emerging from his own vehicle; after this "incompetent and catastrophic performance," [767 F.2d] at 171, which involved a whole series of abusive acts, the officers' supervisors "denied their failures and concerned themselves only with unworthy, if not despicable, means to avoid legal liability," *Id.* at 166.  The *Grandstaff* panel emphasized the extraordinary facts of the case, and its analysis can be applied only to equally extreme factual situations.

**DEFENDANT GUADARRAMA'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS – PAGE 3**

*Coon v. Ledbetter,* 780 F.2d 1158, 1161 (5th Cir. 1986).  *See also World Wide Street Preachers Fellowship v. Town of Columbia,* 591 F.3d 747, 755 (5th Cir. 2009) (similarly noting *Grandstaff's* limitation as authority for anything but the most egregious case).

### C.    Legal Standards for Qualified Immunity

Other than Plaintiffs' general dissatisfaction with the qualified immunity defense jurisprudentially, Plaintiffs' Response does not specifically address the standards set forth in this section of Defendant's Motion.  *Compare* Plaintiffs' Response, generally, *with* Defendant's Motion, pp. 5-6.  Instead, Plaintiffs' Response mentions the qualified immunity elements globally.

### D.    Plaintiffs' Allegations as to Guadarrama

Plaintiffs' Response repeats in detail the allegations set forth in the First Amended Plaintiffs' Original Complaint, filed on August 7, 2019 (ECF Doc. No. 19) ("Plaintiffs' Amended Complaint").  While Plaintiffs' Response focuses on certain allegations, under the standards applicable to the court's review of a motion to dismiss asserted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court is to review whether Plaintiffs have pled enough facts to state a claim to relief that is plausible on its face (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), or instead have only alleged bare recitals of the elements of a cause of action, no matter how detailed or lengthy those allegations appear in Plaintiffs' Amended Complaint.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Facial plausibility is satisfied when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id*.  As set forth in Defendant's Motion, and as revealed in Plaintiffs' Response, Plaintiffs' allegations do not satisfy important key elements to overcome Guadarrama's entitlement to qualified immunity.

E. **Plaintiffs' Excessive Force Claim Against Guadarrama Does Not Overcome His Entitlement to Qualified Immunity.**

        1.    Plaintiffs Expressly Allege that Mr. Olivas' Death Did Not Result "Directly and Only" from Guadarrama's Conduct.

Plaintiffs' Response recasts Plaintiffs' allegations in a manner that differs from what was actually alleged. *See, generally*, Plaintiffs' Response, pp. 4-12. Although Plaintiffs' Amended Complaint unquestionably asserts that Mr. Olivas had doused himself with gasoline, and had poured gasoline in other places in the residence, and was holding a lighter and threatening to ignite himself in order to commit suicide and to harm the officers (Plaintiffs' Amended Complaint, p. 7, ¶¶ 12-13, and pp. 11-12, ¶¶ 22-23), Plaintiffs' Response attempts to shift focus away from those facts to paint a different picture of the events: one of calm and tranquility with Mr. Olivas only making statements that should be deemed a cry for help and that he was no threat, rather than creating a tense, rapidly evolving and chaotic scene threatening to harm himself and others. Notwithstanding difference in characterization, Mr. Olivas' own actions nonetheless created the dangerous conditions facing Defendant, so that Guadarrama's actions in response to those conditions were not the proximate, or "direct and only cause," of Mr. Olivas' injuries. *See, e.g., Batiste v. Theriot*, 458 Fed. Appx. 351, 355 (5th Cir. 2012) ("The injury did not result from the tasing regardless of its reasonableness. This eliminates tasing as a basis for an excessive force claim"). To reiterate the argument from Defendant's Motion, Mr. Olivas himself set the stage for, and was partly the cause of, his injuries. Plaintiffs' Amended Complaint, p. 7, ¶¶ 12-13. As a result, Plaintiffs' own pleadings affirmatively negate a necessary element of their excessive force claim against Defendant.

        2.    Plaintiffs Fail to Allege Objectively Unreasonable Conduct on the Part of Guadarrama.

Plaintiffs' Response spends a great deal of time arguing that Guadarrama's conduct was

unreasonable.  Rather than repeat all his arguments herein, Defendant refers the court to this subsection of Defendant's Motion, at pp. 9-10.   Whether Defendant's taser discharge was objectively unreasonable must be viewed from Defendant's perspective and through the facts and circumstances present **at the moment** Defendant is alleged to have deployed his taser.  *See Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011).  As alleged, Defendant's taser discharge was a non-lethal attempt to muscularly immobilize a man threatening to ignite a fire and commit suicide, with several people allegedly standing nearby, so that Defendant's use of such force could not be considered objectively unreasonable under the circumstances.  *See Rockwell*, 664 F.3d at 992 ("[I]t is sufficient that the officer reasonably believed that the suspect posed a threat to the safety of the officer or others.").   Plaintiffs have therefore failed to overcome Defendant's entitlement to qualified immunity.

3.     Guadarrama's Conduct was not "Clearly Established" as Unlawful.

As set forth in Defendant's Motion, pp. 10-13, and to reiterate from above, even assuming a particular use of force is excessive and violates the protections of the Fourth Amendment (which Defendant nonetheless strenuously denies here), Plaintiffs must also plead sufficient facts to establish that, at the time of the events in question, it had been clearly established, that is, beyond debate, that Guadarrama's particular conduct was unlawful.  *See Mullenix,* 136 S.Ct. at 308; *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019) (following *Mullenix*); *Samples v. Vadzemnieks*, 900 F.3d 655, 662-63 (5th Cir. 2018) (in excessive force case involving use of a taser, court found constitutional violation but granted qualified immunity to officer because officer's use of his taser did not violate clearly established law).  Plaintiffs' Response did not address the cases listed on page 11 of Defendant's Motion that upheld qualified immunity in instances when deadly force was used in the context of a suicidal suspect and/or in instances where

the suspect presented a serious and immediate threat to officers or other innocent bystanders. *See* Plaintiffs' Response, pp. 19-24. Instead, Plaintiffs' Response cited several cases from other federal circuits in an attempt to establish that Guadarrama's actions were not reasonable. Plaintiffs' Response, pp. 19-23.

Decisions of other circuit courts are merely persuasive authority and are not binding on this court. *See Salazar v. Dretke,* 419 F.3d 384, 404 (5th Cir. 2005); *Garcia v. Amfels, Inc.,* 254 F.3d 585, 588 (5th Cir. 2001) (noting that decisions of other circuit courts are persuasive, not binding). This court is only bound by decisions of the Fifth Circuit Court of Appeals and United States Supreme Court. *See Peregoy v. Amoco Production Company, a Division of Standard Oil of Indiana,* 742 F.Supp. 372, 3735 (E.D. Tex. 1990). As a result, there is no need to address or respond to Plaintiffs' irrelevant authority from other circuits, since decisions from other circuits do not provide clearly established law to police officers in the Fifth Circuit. Additionally, those cases from other circuits are inapposite because factually they did not address the situation Guadarrama faced with Mr. Olivas.

Interestingly, Plaintiffs' effort to cite such a relatively large number of cases from other circuits actually confirms that there is no case that has found that tasing an individual who doused himself with gasoline and threatened to ignite himself, under tense, stressful circumstances, to be clearly established unlawful deadly force. *Compare Batiste* , 458 Fed. Appx. at 354-55 ("Even if Plaintiffs accurately describe the tasing, they have not shown that the use of a non-lethal weapon in a less than optimal manner necessarily equates to the use of a loaded firearm as was the case in [*Tennessee v. Garner*, 471 U.S. 1 (1985)]… [W]e find no support, and the Plaintiffs offer none, for the inference that the use of a taser is comparable to discharging a firearm. There are no cases

in this circuit that support this proposition and we decline to so rule.").[1]

Plaintiffs' Response, at pp. 23-24, next asserts reliance on cases from this circuit to support Plaintiffs' position. Those cases also do not mandate denial of Defendant's Motion. While *Cole v. Carson*, 935 F.3d 444 (5th Cir. 2019) (en banc) provides insight concerning excessive force analysis in a summary judgment factual dispute scenario, the facts presented do not provide clearly established law to guide Guadarrama in this case's situation, particularly since *Cole* was decided just last month, ***after*** the underlying events in this case occurred. Likewise, *Reyes v. Bridgwater*, 362 Fed.Appx. 403 (5th Cir. 2010) does not provide clearly established law to govern Guadarrama's actions. In *Reyes*, the Fifth Circuit reversed a summary judgment ruling because of factual disputes as to what occurred and whether the officer was justified in shooting his firearm at plaintiff's decedent who was not suspected of any serious crime, who was in his own home, where the officers entered by breaking down the door, and the decedent was standing at a safe distance and holding a knife in an unthreatening manner. *Reyes*, 362 Fed.Appx. at 405, 408.

The same is true with *Bacque v. Leger*, 207 Fed.Appx. 374, 376 (5th Cir. 2006), where the facts mirror those in *Reyes*, in that the suspect was shot standing motionless and holding a knife at this side. *Ramirez v. Fonseca*, 331 F.Supp.3d 6671 (W.D. Tex. 2018) is likewise uninstructive because it is factually different, and because *Mullenix* requires existing precedent to provide guidance for the situation confronting the officer. *Mullenix*, 136 S.Ct. at 309. Here, there is no such clearly established law to have guided Guadarrama in this unique and dangerous situation.[2]

---

[1] Plaintiffs' Response, at pp. 27-28, asserts that Guadarrama's use of his taser equated to the use of a firearm. Plaintiffs' argument is without merit in light of *Batiste*.

[2] Curiously, Plaintiffs' Response, at p. 24, cites the overruled decision in *Luna v. Mullenix*, 773 F.3d 712 (5th Cir. 2014), *rev'd*, __ U.S. __, 136 S.Ct. 305 (2015). Plaintiffs' attempt to assert that the Fifth Circuit decision was overruled "on other grounds" is somewhat misleading, since the basis for the Supreme Court's decision was to address the clearly established law element of an excessive force claim in the context of qualified immunity, the very context to which Plaintiffs' Response cites the Fifth Circuit decision. In any event, an overruled appellate decision is dubious to establish "clearly established law," and the court should reject Plaintiffs' cite to *Luna* for that proposition.

**DEFENDANT GUADARRAMA'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS – PAGE 8**

Notwithstanding the argument presented in Plaintiffs' Response, it is undisputable that Plaintiffs' Amended Complaint *itself* does not establish that Defendant's use of a taser in this situation violated clearly established law.  Plaintiffs thus fail to nudge their allegations of harm from conceivable to plausible.  *Twombly,* 550 U.S. at 570.  Defendant's Motion should be granted in its entirety.

### F.    Amendment of Pleadings Not Warranted

Plaintiffs' Response, at p. 28, concludes with a vague request for Plaintiffs to be allowed to amend their pleadings.  Defendant urges the court to deny that request since Plaintiffs have now already had two bites at the pleadings apple.  Plaintiffs do not provide any information as to what different, new or improved pleadings would be presented.

WHEREFORE, PREMISES CONSIDERED, Defendant Jeremias Guadarrama prays that the court grant his motion to dismiss and dismiss all claims brought by the Plaintiffs against him based upon his qualified immunity defense and for failure to state a claim.  Defendant also prays for all other relief to which he may be justly entitled.

Respectfully submitted,

By:   /s/ *Edwin P. Voss, Jr.*
          Edwin P. Voss, Jr.
          State Bar No. 20620300
          evoss@bhlaw.net
          Michael L. Martin
          State Bar No. 24108956
          mmartin@bhlaw.net
BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas  75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

ATTORNEYS FOR DEFENDANT
JEREMIAS GUADARRAMA

## CERTIFICATE OF SERVICE

A copy of the foregoing document was served electronically through the court's ECF system on all counsel of record on September 21, 2019.

*/s/ Edwin P. Voss, Jr.*
_____
Edwin P. Voss, Jr.
