UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON

| | |
|---|---|
| SELINA MARIE RAMIREZ, individually and as Independent Administrator of, and on behalf of, the ESTATE OF GABRIEL EDUARDO OLIVAS and the heirs-at-law of GABRIEL EDUARDO OLIVAS, and as parent, guardian, and next friend of and for female minor S.M.O.; and GABRIEL ANTHONY OLIVAS, individually, <br><br>    Plaintiffs, <br><br>v. <br><br>CITY OF ARLINGTON, TEXAS; JEREMIAS GUADARRAMA; and EBONY N. JEFFERSON, <br><br>    Defendants. | CIVIL ACTION NO. 3:19-cv-01529-L <br><br> JURY DEMANDED |

## JOINT PROPOSAL REGARDING CONTENTS OF SCHEDULING AND DISCOVERY ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

The Parties jointly file this report in accordance with the Court's October 22, 2019, Amended Order Requiring Attorney Conference and Proposal For Contents of Scheduling and Discovery Order, ECF Doc. No. 34 (the "Order"). Lead counsel for each party personally met at least fourteen days before the date specified in Section VII of the Order. Initial settlement discussions occurred to determine whether the case can be settled. This case did not settle at that meeting. The present status of settlement negotiations is that they are on hold at this time pending pre-trial determination of the Individual Officer Defendants' entitlement to qualified immunity. Therefore, in accordance with the Order, the parties jointly file this proposal.

The Parties' lead counsel met on Wednesday, November 6, 2019, to discuss matters required by the Order, as well as other matters. Defendants contend that there should be no discovery in this case until the Court rules on pending motions to dismiss. Plaintiffs disagree. Moreover, if the Court denies one or more motions to dismiss regarding natural person Defendants, Defendants contend discovery should be initially limited to qualified immunity issues. Plaintiffs disagree, because Plaintiffs have asserted *Monell* claims. Plaintiffs contend that discovery would be allowed regarding such claims if there were no natural person Defendants. Thus, Plaintiffs contend that discovery should not be limited.

The Individual Officer Defendants have asserted the defense of qualified immunity, and assert that no discovery may proceed unless the Court, in the context of ruling on the pending motions to dismiss, determines that the Plaintiffs' allegations in the Complaint are well pled and are sufficient to negate the assertions of qualified immunity. *Fleming v. Tunica County*, 497 F. App'x 381, 388 (5th Cir. 2012). Defendants assert that, even if the Court determines that the Plaintiffs have sufficiently pled a claim which would overcome the immunity defense, the only permissible discovery that may proceed is such discovery that is narrowly tailored to uncover only those facts needed to rule on the immunity claim in the context of a motion for summary judgment. *Backe v. LeBlanc*, 691 F.3d 645, 648-649 (5th Cir. 2012) (citing *Lion Boulos v. Wilson*, 834 F.2d 504, 507-508 (5th Cir. 1987)); *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014).

Defendants assert that, based upon this well-established precedent, which Defendants assert was discussed with the Plaintiffs' counsel during the aforementioned conference, the Individual Officer Defendants request relief in the form of a stay on all

discovery until the Court has used the procedures established in *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) and *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994-995 (5th Cir. 1995), as explained and discussed in *Backe* and *Zapata*. The Individual Officer Defendants recommend that, to the extent that the Plaintiffs contend that discovery is required on the limited issue of qualified immunity, they can seek leave to lift the stay to conduct specific and narrowly tailored discovery following the Court's resolution of the pending motions to dismiss. The Individual Officer Defendants will, of course, confer with the Plaintiffs regarding the substance of the discovery to determine whether agreement might be reached on any particular discovery request without the need for the Court's intervention.

The City understands that the Individual Officer Defendants have asserted the defense of qualified immunity, which necessitates the preliminary resolution of that defense before proceeding with general discovery, including initial disclosures. The City further believes that the legal issues raised in its own motion to dismiss should be resolved before discovery commences. The City concurs with the Individual Officer Defendants' recommendation in that regard. Additionally, the City would note that the United States Supreme Court's opinion in *Iqbal* clearly dictates that discovery against the City must also be stayed. In *Iqbal*, the City asserts that the Supreme Court recognized that if discovery is allowed to proceed as to other Defendants, the officers asserting immunity would be forced to participate in the discovery to protect their position. Therefore, the City asserts, until immunity is resolved, discovery as to the City should not proceed. *Ashcroft v. Iqbal*, 556 U.S. 662, 685-6 (2009).

Defendants also contend that, after conclusion of initial discovery limited to

qualified immunity issues, there should be a date set by which motions for summary judgment on the issue of qualified immunity must be filed.

As indicated above, Plaintiffs disagree with Defendants' assertions regarding discovery. However, if the Court chooses to overrule Plaintiffs' assertions, the Parties propose below a two-stage discovery process consistent with Defendants' contentions above. If the Court agrees with Plaintiffs' assertions, and subject to and without waiving all remedies available to Defendants, the Parties anticipate that they can promptly submit to the Court a date-specific proposed scheduling order in accordance with the Court's instruction consistent with the Parties' attorneys' discussion at their November 6, 2019 meeting.

Since the Parties are unaware as to when the Court will rule on pending motions to dismiss, the Parties are not in a position to provide to the Court specific dates for a scheduling order. Instead, tracking dates required by the Order, and adding additional dates based upon the Parties' attorneys' discussion, the Parties propose the schedule below. Plaintiffs do not, by agreeing to scheduling matters, agree that (1) qualified immunity should be applied at all in this case; (2) any motion to dismiss has merit; (3) discovery should be stayed pending determination of motions to dismiss; and/or (4) any motion for summary judgment filed against Plaintiffs would ever be appropriate. In fact, Plaintiffs contend that qualified immunity, as a judge-created doctrine, should not apply, and that pending motions to dismiss do not have merit. Therefore, the following proposal is made subject to and without waiving Plaintiffs' objections and assertions. It is also made subject to and without waiving Defendants' motions to dismiss and any future summary judgment motions they choose to file.

1.  **A proposed time limit to file motions for leave to join other parties and amend pleadings:**

The Parties currently propose that motions for leave to join other parties shall be filed no later than **75 days after the Court rules on all pending motions to dismiss (the "MTD Ruling Date")**, and motions to amend the pleadings shall be filed no later than **75 days after the MTD Ruling Date**.

2.  **Proposed time limits to file various types of motions:** See below.

3.  **A proposed plan and schedule for discovery, including a time limit to complete discovery:** See below.

4.  **A proposal for limitations, if any, to be placed upon discovery:** See below.

5.  **A proposed time limit to designate expert witnesses:** See below.

    A.  The Parties currently propose that Stage 1 discovery, limited to the issue of qualified immunity, shall begin **45 days after the MTD Ruling Date**, and shall last 180 days.

    B.  The Parties currently propose that they shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) regarding Stage 1 discovery, limited to the issue of qualified immunity, no later than **50 days after the MTD Ruling Date**.

    C.  The Parties currently propose the following qualified immunity expert witness designation deadlines:

        1.  Plaintiffs' initial expert witness designations on the issue of qualified immunity shall be made no later than **100 days after the MTD Ruling Date**.

        2.     Defendants' expert witness designations on the issue of qualified immunity shall be made no later than **130 days after the MTD Ruling Date**.

        3.     Plaintiffs' rebuttal expert witness designations on the issue of qualified immunity shall be made no later than **160 days after the MTD Ruling Date**.

D.     The Parties currently propose that dispositive motions limited to the issue of qualified immunity shall be filed no later than **30 days after conclusion of the Stage 1 discovery period**.

E.     The Parties currently propose that Stage 2 discovery shall begin, on all issues in this case, **45 days after the Court rules on any dispositive motions filed on the issue of qualified immunity**. In the event no such motions are filed, the Parties propose that the Stage 2 discovery period shall begin 15 days after the deadline for summary judgment motions limited to the issue of qualified immunity. The Parties currently propose that the Stage 2 discovery period shall last 180 days.

F.     The Parties currently propose the following expert witness designation deadlines on all issues other than qualified immunity:

        1.     Plaintiffs' initial expert witness designations on all issues other than qualified immunity shall be made no later than **90 days after the beginning of Stage 2 discovery**.

        2.     Defendants' expert witness designations on all issues other than qualified immunity shall be made no later than **120 days after the beginning of Stage 2 discovery**.

        3.     Plaintiffs' rebuttal expert witness designations on all issues other than qualified immunity shall be made no later than **140 days after the beginning of Stage 2 discovery**.

   G. The Parties currently propose that dispositive motions on all issues other than qualified immunity shall be filed no later than **30 days after conclusion of the Stage 2 discovery period**.

 6. **A proposed trial date, estimated number of days required for trial, and whether a jury has been demanded:**

The Parties currently propose a trial date **90 days after the Court rules on summary judgment motions filed on all issues other than qualified immunity**. In the event no such motions are filed, the Parties currently propose that trial shall occur 100 days after the deadline to file such motions. Plaintiffs estimate that this case shall require approximately eight days to try. Defendants estimate that this case will require five days to try after a jury has been selected. A jury has been demanded.

 7. **A proposed date for commencing settlement negotiations:**

Although settlement negotiations commenced at the November 6, 2019 meeting of counsel, the Parties propose that settlement negotiations occur after the pre-trial determination of the Individual Officer Defendants' qualified immunity. The Parties currently propose that mediation shall occur no later than **60 days before the trial date**.

 8. **Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge:**

The Parties do not currently consent to trial before a United States Magistrate Judge.

 9. **Whether the parties are considering mediation or arbitration to resolve this litigation, and if not then why not:**

The Parties are not considering arbitration to resolve this litigation, but they are agreeing to consider mediation to resolve this litigation and are agreeing to the mediation deadline set forth above in paragraph 7.

10. **Any other proposals regarding scheduling and discovery and that the parties believe will facilitate expeditious and orderly preparation for trial, including the parties' positions on a consolidated discovery schedule:**

The Parties do not make any other proposals regarding scheduling and discovery that they believe will facilitate expeditious and orderly preparation for trial, other than what the Parties propose, above.

11. **Any other matters relevant to the status and disposition of this case:**

The Parties are not aware at this time of any other matters relevant to the status or disposition of this case about which they believe they need to inform the Court, other than what the Parties propose, above.

Respectfully submitted:

| | |
|---|---|
| /s/ T. Dean Malone | /s/ Robert Fugate |
| T. Dean Malone | Robert Fugate |
| Attorney-in-charge | Texas Bar No. 00793099 |
| Texas State Bar No. 24003265 | robert.fugate@arlingtontx.gov |
| Law Offices of Dean Malone, P.C. | Cynthia Withers |
| 900 Jackson Street | Texas Bar No. 00791839 |
| Suite 730 | cynthia.withers@arlingtontx.gov |
| Dallas, Texas 75202 | City of Arlington |
| Telephone: (214) 670-9989 | City Attorney's Office |
| Telefax: (214) 670-9904 | Mail Stop #63-0300 |
| dean@deanmalone.com | P.O. Box 90231 |
| | Arlington, Texas 76004-3231 |
| Of Counsel: | Telephone: (817) 459-6878 |
| | Telefax: (817) 459-6897 |
| Michael T. O'Connor | |
| Texas State Bar No. 24032922 | Attorneys for Defendant City of Arlington |
| Law Offices of Dean Malone, P.C. | |
| 900 Jackson Street | |
| Suite 730 | |
| Dallas, Texas 75202 | |
| Telephone: (214) 670-9989 | |
| Telefax: (214) 670-9904 | |
| michael.oconnor@deanmalone.com | |

Attorneys for Plaintiffs

| | |
|---|---|
| /s/ Scott D. Levine | /s/ Edwin P. Voss |
| Scott D. Levine | Edwin P. Voss, Jr. |
| Texas State Bar No. 00784467 | Texas State Bar No. 20620300 |
| sdl@banowsky.com | evoss@bhlaw.net |
| Baxter W. Banowsky | Brown & Hofmeister, L.L.P. |
| Texas State Bar No. 00783593 | 740 East Campbell Road, Suite 800 |
| bwb@banowsky.com | Richardson, Texas 75081 |
| Banowsky & Levine, P.C. | Telephone: (214)747-6100 |
| 12801 N. Central Expressway | Telefax: (214)747-6111 |
| Suite 1700 | Attorney for Defendant Jeremias Guadarrama |
| Dallas, Texas 75243 | |
| Telephone: (214) 871-1300 | |
| Telefax: (214) 871-0038 | |

Attorneys for Defendant Ebony Jefferson

CERTIFICATE OF SERVICE

      I hereby certify that on November 20, 2019 I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a notice of electronic filing to the following attorneys:

Mr. Robert Fugate
Ms. Cynthia Withers
City of Arlington
City Attorney's Office
Mail Stop #63-0300
P.O. Box 90231
Arlington, Texas  76004-3231

Attorneys for Defendant City of Arlington

Mr. Edwin P. Voss, Jr.
Brown & Hofmeister, L.L.P.
740 East Campbell Rd., Suite 800
Richardson, Texas  75081

Attorney for Defendant Jeremias Guadarrama

Mr. Scott D. Levine
Mr. Baxter W. Banowsky
Banowsky & Levine, P.D.
12801 N. Central Expressway
Suite 1700
Dallas, Texas  75234

Attorneys for Defendant Ebony Jefferson

                                                         /s/ T. Dean Malone
                                                         T. Dean Malone